## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRIENDLY ICE CREAM CORPORATION, *et al.*,[1] | ) Case No. 11-13167 (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS NOTICE AND CLAIMS AGENT FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this Motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain Epiq Bankruptcy Solutions, LLC ("Epiq") as notice and claims agent to the Debtors in connection with these chapter 11 cases, effective *nunc pro tunc* to the date hereof (the "Petition Date"). In support of this Motion, the Debtors submit the Declaration of Jason D. Horwitz, a Vice President and Senior Consultant at Epiq (the "Horwitz Declaration"), attached hereto as **Exhibit B**. In further support of this Motion, the Debtors respectfully state as follows.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Friendly Ice Cream Corporation (3130); Friendly's Restaurants Franchise, LLC (3693); Friendly's Realty I, LLC (2580); Friendly's Realty II, LLC (2581); and Friendly's Realty III, LLC (2583). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1855 Boston Road, Wilbraham, Massachusetts 01095.

[2] The facts and circumstances supporting this Motion are set forth in the Declaration of Steven C. Sanchioni, Executive Vice President, Chief Financial Officer, Treasurer, and Assistant Secretary of Friendly Ice Cream Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions (the "First Day Declaration"), filed contemporaneously herewith.

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 156(c) of title 28 of the United States Code, section 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002-1(f) and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## Relief Requested

4. By this Motion, the Debtors seek entry of an order authorizing the employment and retention of Epiq as the notice and claims agent in these chapter 11 cases, subject to that certain services agreement, dated September 20, 2011, by and between the Debtors and Epiq (the "Services Agreement"), annexed as **Exhibit 1** to **Exhibit A** attached hereto, effective *nunc pro tunc* to the Petition Date.

## Background

5. As described in the First Day Declaration, the Debtors are a leading full-service, family-oriented restaurant chain and provider of ice cream products in the Eastern United States. The Debtors' operations include approximately 490 restaurants located in 16 states. In addition to their restaurant operations, the Debtors manufacture a complete line of premium ice cream products distributed to more than 7,000 supermarkets and other third party retail locations in 48 states. The Debtors and their affiliates maintain their national headquarters in Wilbraham,

Massachusetts, and employ over 10,000 workers across the country. In the first eight months of 2011, the Debtors' generated $329.7 million in revenue and $8.6 million in adjusted EBITDA.

6. In recent years, the restaurant industry—including the Debtors' businesses—has been hurt by the significant U.S. economic downturn and increased food costs. New advertising campaigns and cost-cutting programs implemented by the Debtors have successfully mitigated certain negative effects on their businesses; however, the Debtors have not been immune to the effects of the economy and rising food prices, and their financial performance has suffered significantly.

7. As the Debtors' liquidity position deteriorated, the Debtors struggled to meet their debt service obligations and failed to satisfy financial covenants under their prepetition revolving credit agreement, resulting in a default. Prior to their chapter 11 filing, the Debtors successfully negotiated a forbearance agreement with their senior secured lenders and a further extension of credit under their prepetition subordinated secured note in order to explore available restructuring alternatives. After careful review and extensive negotiations, the Debtors determined that a chapter 11 filing, coupled with an expedited operational restructuring and an efficient sale of the Debtors' assets, was the best and most efficient way to maximize a return for the Debtors, their estates, and all parties in interest.

8. On the Petition Date, each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code to permit them to restructure their balance sheets and operations to restore profitability. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated. Concurrently with the filing of

3

this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases.

## Epiq's Qualifications

9. The thousands of creditors and other parties in interest involved in the Debtors' chapter 11 cases may impose heavy administrative and other burdens on this Court and the Office of the Clerk of the Court (the "Clerk's Office"). To relieve the Clerk's Office of these burdens, the Debtors seek an order appointing Epiq as the notice and claims agent in these chapter 11 cases pursuant to both 28 U.S.C. § 156(c) and Local Bankruptcy Rules 2002-1(f) and 9013-1(m). The Debtors' selection of Epiq to act as the official claims agent has satisfied the Court's protocol for the retention of a notice and claims agent because the Debtors have obtained and reviewed engagement proposals from other court-approved claims agents to ensure selection through a competitive process. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Epiq would provide the most cost-effective and efficient service as a claims agent for these chapter 11 cases.

10. The Debtors anticipate that there will be approximately 55,000 entities to be noticed in these chapter 11 cases. In view of the number of anticipated claimants and the complexity of the Debtors' businesses, the Debtors submit that the appointment of an outside claims agent is both necessary and in the best interests of the Debtors' estates, creditors, and parties in interest. By retaining Epiq in these chapter 11 cases, the Debtors' estates, and particularly their creditors, will benefit because Epiq has already developed efficient and cost-effective methods in its area of expertise. As set forth in the Horwitz Declaration, Epiq has acted as the official claims agent in numerous cases of comparable size, including several cases which are currently pending in this Court.

## Services to be Provided

11. Epiq, at the request of the Debtors or the Clerk's Office, will perform claims and notice agent and related administrative services for the Debtors in accordance with the terms of the Services Agreement.[3] Epiq will, without limitation:

    a. Prepare and serve required notices in these chapter 11 cases, including:

        i. Notice of the commencement of these chapter 11 cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code;

        ii. Notice of any auction or sale hearing, the claims bar date, objection to claims, any hearings on a disclosure statement and confirmation of a plan of reorganization, and other miscellaneous notices to any entities, as the Debtors or the Court may deem necessary or appropriate for an orderly administration of these chapter 11 cases.

    b. After service of a particular notice - whether by regular mail, overnight or hand delivery, email or facsimile service - file with the Clerk's office an affidavit of service that includes a copy of the notice involved, a list of persons to whom the notice was mailed and the date and manner of mailing.

    c. Update claim database to reflect undeliverable or changed addresses.

    d. Coordinate publication of certain notices in periodicals and other media.

    e. Distribute Claim Acknowledgement Cards to creditor having filed a proof of claim/interest.

    f. Maintain copies of all proofs of claim and proofs of interest filed (in hard copy and electronic form).

    g. Create and maintain electronic databases for creditor/party in interest information provided by the debtor (e.g., creditor matrix and Schedules of Statements of Assets and Liabilities) and creditors/parties in interest (e.g., proof of claim/interests).

---

[3] The terms of the Services Agreement described in this Motion are a summary and for informational purposes only. Nothing in this Motion shall modify or amend the terms of the Services Agreement, and, in the event of a conflict or inconsistency between the summary in this Motion and the terms of the Services Agreement, the terms of the Services Agreement shall control.

5

h. Process all proof of claim/interest submitted.

i. Provide access to the public for examination of copies of the proofs of claim or interest without charge during regular business hours.

j. Maintain official claims registers, including, among other things, the following information for each proof of claim or proof of interest: (1) name and address of the claimant and any agent thereof, if the proof of claim or proof of interest was filed by an agent; (2) date received; (3) claim number assigned; and (4) asserted amount and classification of the claim.

k. Create and maintain a website with general case information, key documents, claim search function, and mirror of ECF case docket.

l. Transmit to the Clerk's office a copy of the claims registers on a monthly basis, unless requested by the Clerk's office on a more or less frequent basis or, in the alternative, make available the claims register on-line.

m. Implement necessary security measures to ensure the completeness and integrity of the claims registers.

n. Record all transfers of claims pursuant to Bankruptcy Rule 3001(e) and provide notice of such transfers as required by Bankruptcy Rule 3001(e).

o. Maintain an up-to-date mailing list for all entities that have filed a proof of claim, proof of interest or notice of appearance, which list shall be available upon request of a party in interest or the Clerk's office.

p. Assist the Debtors in the preparation of their bankruptcy Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements").

q. Provide balloting, tabulation and solicitation services in connection with the solicitation process for any chapter 11 plan for which a disclosure statement has been approved by the Court.

r. Provide such other claims processing, noticing, balloting, solicitation and administrative services as may be requested from time to time by the Debtors.

s. Promptly comply with such further conditions and requirements as the Court may at any time prescribe.

t. Comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements.

u.  Provide temporary employees to the Clerk's Office to process claims, as necessary.

12. In addition to the foregoing, Epiq will assist the Debtors with, among other things, performing other administrative tasks pertaining to the administration of these chapter 11 cases as may be requested by the Debtors or the Clerk's Office in accordance with the terms of the Services Agreement. Epiq will follow the notice and claim procedures that conform to the guidelines promulgated by the Clerk of the Court and the Judicial Conference of the United States and as may be entered by the Court's order.

13. Furthermore, the Debtors respectfully submit that the fees and expenses incurred by Epiq are administrative in nature and, therefore, should not be subject to the standard fee application procedures for professionals. Specifically, the Debtors request authorization to compensate Epiq, without further Court order and in the ordinary course of business, in accordance with the terms and conditions set forth in the Services Agreement, upon Epiq's submission to the Debtors of invoices summarizing in reasonable detail the services rendered and expenses incurred in connection with services provided by Epiq to the Debtors.

## Compensation

14. The Debtors propose that the cost of Epiq's services be paid from the Debtors' estates as provided by 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code. The fees Epiq will charge in connection with its services to the Debtors are set forth in the Services Agreement. The Debtors believe that Epiq's proposed rates are reasonable and appropriate for services of this nature. Epiq's rates are competitive and comparable to the rates Epiq's competitors charge for similar services. Additionally, Epiq will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Service Agreement.

DOCS_DE:173746.1/68700.001

15. The Debtors paid Epiq a retainer of $25,000, which was replenished as appropriate, that will be applied in satisfaction of fees, costs, and expenses incurred pursuant to the Services Agreement.

### Epiq's Disinterestedness

16. Although the Debtors do not propose to retain Epiq under section 327 of the Bankruptcy Code, Epiq has nonetheless conducted a conflicts analysis for the entities provided by the Debtors and, to the best of its knowledge, and except to the extent disclosed in the Horwitz Declaration, Epiq neither holds nor represents an interest materially adverse to the Debtors' estates with respect to any matter for which it will be employed and Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

17. In connection with its retention as notice and claims agent, Epiq represents, among other things, that:

   a. Epiq will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the notice and claims agent in these chapter 11 cases;

   b. By accepting employment in these chapter 11 cases, Epiq waives any rights to receive compensation from the United States government in its capacity as the notice and claims agent in these chapter 11 cases;

   c. In its capacity as the notice and claims agent in these chapter 11 cases, Epiq will not be an agent of the United States and will not act on behalf of the United States; and

   d. Epiq will not employ any past or present employees of the Debtors in connection with its work as the notice and claims agent in these chapter 11 cases.

18. To the extent that Epiq discovers any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Epiq will use reasonable efforts to supplement the Horwitz Declaration.

8

## Indemnification

19. As part of the overall compensation payable to Epiq under the terms of the Services Agreement, the Debtors have agreed to certain indemnification and contribution obligations. The Services Agreement provides that the Debtors will indemnify, defend and hold harmless Epiq, its affiliates, parent, and each such entity's officers, members, directors, agents, representatives, managers, consultants, and employees under certain circumstances specified in the Services Agreement, but not in circumstances of losses resulting from Epiq's gross negligence or willful misconduct. Both the Debtors and Epiq believe that the indemnification obligations are customary and reasonable for notice, claims processing, and balloting agents retained in chapter 11 cases.

## Basis for Relief

20. This Motion is made pursuant to section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of bankruptcy courts. Section 156(c) authorizes the Court to use "facilities" or "services" other than the Clerk's Office for administration of bankruptcy cases. It states:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

21. In addition, Local Bankruptcy Rule 2002-1(f) provides, in relevant part, as follows:

> Notice and Claims Clerk. Upon motion of the debtor or trustee, at any time without notice or hearing, the Court may authorize the retention of a notice and/or

9

claims clerk under 28 U.S.C. § 156(c). In all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the court orders otherwise, the debtor shall file such motion on the first day of the case or within seven (7) days thereafter.

Del. Bankr. L.R. 2002 1(f).

22. Accordingly, section 156(c) of title 28 of the United States Code empowers the Court to utilize outside agents and facilities for notice and claims purposes, provided the Debtors' estates pay the cost of such services. Additionally, Local Bankruptcy Rule 2002-1(f) requires, in all cases with over 200 creditors (such as these chapter 11 cases), a debtor to file a motion to retain a claims agent on the first day of the case or within seven days thereafter. Therefore, for all of the foregoing reasons, the Debtors believe that the retention of Epiq as the notice and claims agent in the chapter 11 cases is in the best interests of the Debtors, their estates and their creditors.

23. Courts in this District have recognized the efficacy of appointing Epiq as notice and claims agent and compensating them on an administrative priority basis as proposed herein. *See, e.g., In re SSI Grp. Holding Corp.*, No. 11-12917 (Bankr. D. Del. Sept. 15, 2011); *In re L.A. Dodgers LLC*, No. 11-12010 (Bankr. D. Del. July 10, 2011); *In re N. Am. Petrol. Corp.*, No. 10-11707 (Bankr. D. Del. May 28, 2010); *In re U.S. Concrete, Inc.*, No. 10-11407 (Bankr. D. Del. Apr. 30, 2010); *In re Stallion Oilfield Servs. Ltd.*, No. 09-13562 (Bankr. D. Del. Oct. 19, 2009); *In re Pac. Ethanol Holding Co. LLC.*, No. 09-11713 (Bankr. D. Del. May 17, 2009); *In re Crucible Materials Corp.*, No. 09-11582 (Bankr. D. Del. May 6, 2009); *In re Stock Bldg. Supply Holdings, LLC*, No. 09-11554 (Bankr. D. Del. May 6, 2009); *In re Norwood Promotional Prods. Holdings, Inc.*, No. 09-11547 (Bankr. D. Del. May 7, 2009); *In re AbitibiBowater Inc.*, No. 09-11296 (Bankr. D. Del. Apr. 16, 2009); *In re Nova Holding Clinton Cnty., LLC*, No. 09-11081 (KG) (Bankr. D. Del. Mar. 30, 2009); *In re Drug Fair Grp., Inc.*, No. 09-10897

10

(Bankr. D. Del. Mar. 18, 2009); *In re Muzak Holdings, LLC*, No. 09-10422 (Bankr. D. Del. Feb. 12, 2009); *In re Qimonda Richmond, LLC*, No. 09-10589 (Bankr. D. Del. Feb. 20, 2009); *In re Pliant Corp.*, No. 09-10443 (Bankr. D. Del. Feb. 11, 2009); *In re Smurfit-Stone Container Corp.*, No. 09-10235 (Bankr. D. Del. Jan. 27, 2009).[4]

## Notice

24. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' prepetition secured lenders and the agent for the Debtors' proposed postpetition debtor-in-possession financing facility; (c) the indenture trustee for the Debtors' prepetition unsecured noteholders; (d) the top 20 unsecured creditors; and (e) any party that may have a particular interest in this Motion. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Bankruptcy Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

25. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

---

[4] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and granting such other further relief as is just and proper.

Dated: October 5, 2011  
       Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)  
Timothy P. Cairns (DE Bar No. 4228)  
Kathleen P. Makowski (DE Bar No. 3648)  
919 North Market Street, 17th Floor  
P.O. Box 8705  
Wilmington, Delaware 19899-8705 (Courier 19801)  
Telephone: (302) 652-4100  
Facsimile: (302) 652-4400  
Email: ljones@pszjlaw.com  
       tcairns@pszjlaw.com  
       kmakowski@pszjlaw.com

- and -

James A. Stempel (*pro hac vice* admission pending)  
Ross M. Kwasteniet (*pro hac vice* admission pending)  
Jeffrey D. Pawlitz (*pro hac vice* admission pending)  
**KIRKLAND & ELLIS LLP**  
300 North LaSalle  
Chicago, Illinois 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200  
Email: james.stempel@kirkland.com  
       ross.kwasteniet@kirkland.com  
       jeffrey.pawlitz@kirkland.com

*Proposed Co-Counsel to the Debtors*  
*and Debtors in Possession*