# EXHIBIT B

## Horwitz Declaration

K&E 19705498

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| FRIENDLY ICE CREAM CORPORATION, *et al.*,[1] | ) Case No. 11-13167 (___) |
| Debtors. | ) (Joint Administration Requested) |

## DECLARATION OF JASON D. HORWITZ IN SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS NOTICE AND CLAIMS AGENT FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

I, Jason D. Horwitz, under penalty of perjury, declare as follows:

1. I am a Vice President and Senior Consultant of Epiq Bankruptcy Solutions, LLC ("Epiq"),[2] whose headquarters are located at 757 Third Avenue, New York, NY 10017, telephone number (646) 282-2400. The matters set forth herein are made of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.[3]

2. This Declaration is made in support of Debtors' Motion for Entry of an Order Authorizing the Retention and Employment of Epiq Bankruptcy Solutions, LLC as Notice and Claims Agent to the above-captioned debtors (collectively, the "Debtors"), which has been filed contemporaneously herewith (the "Motion").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Friendly Ice Cream Corporation (3130); Friendly's Restaurants Franchise, LLC (3693); Friendly's Realty I, LLC (2580); Friendly's Realty II, LLC (2581); and Friendly's Realty III, LLC (2583). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1855 Boston Road, Wilbraham, Massachusetts 01095.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] Certain of the disclosures herein relate to matters within the knowledge of other professionals at Epiq and are based on information provided by them.

K&E 19705498

3. As agent and custodian of the Court records pursuant to section 156(c) of title 28 of the United States Code, Epiq will perform, at the request of the Office of the Clerk of the Court (the "Clerk's Office"), the noticing and claims related services specified in the Services Agreement, the Motion, and the Order. In addition, at the Debtors' request, Epiq will perform such other noticing, claims, balloting, administrative, technical, and support services specified in the Services Agreement, the Motion, and the Order.

4. Epiq is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases. Indeed, Epiq has developed efficient and cost-effective methods to handle properly the voluminous mailings associated with the noticing, claims processing, and balloting portions of chapter 11 cases to ensure the orderly and fair treatment of creditors, equity security holders, and all parties in interest. Further, Epiq will work with the Clerk's Office to ensure that such methodology conforms with all of the Court's procedures, the Local Rules, and the provisions of any orders entered by this Court.

5. Epiq has substantial experience in the matters of this size and complexity, and has acted as the official notice and claims agent in many large bankruptcy cases pending in this District. *See, e.g., In re SSI Grp. Holding Corp.*, No. 11-12917 (Bankr. D. Del. Sept. 15, 2011); *In re L.A. Dodgers LLC*, No. 11-12010 (Bankr. D. Del. July 10, 2011); *In re N. Am. Petrol. Corp.*, No. 10-11707 (Bankr. D. Del. May 28, 2010); *In re U.S. Concrete, Inc.*, No. 10-11407 (Bankr. D. Del. Apr. 30, 2010); *In re Stallion Oilfield Servs. Ltd.*, No. 09-13562 (Bankr. D. Del. Oct. 19, 2009); *In re Pac. Ethanol Holding Co. LLC.*, No. 09-11713 (Bankr. D. Del. May 17, 2009); *In re Crucible Materials Corp.*, No. 09-11582 (Bankr. D. Del. May 6, 2009); *In re Stock Bldg. Supply Holdings, LLC*, No. 09-11554 (Bankr. D. Del. May 6, 2009); *In re Norwood*

K&E 19705498

*Promotional Prods. Holdings, Inc.*, No. 09-11547 (Bankr. D. Del. May 7, 2009); *In re AbitibiBowater Inc.*, No. 09-11296 (Bankr. D. Del. Apr. 16, 2009); *In re Nova Holding Clinton Cnty., LLC*, No. 09-11081 (Bankr. D. Del. Mar. 30, 2009); *In re Drug Fair Grp., Inc.*, No. 09-10897 (Bankr. D. Del. Mar. 18, 2009); *In re Muzak Holdings, LLC*, No. 09-10422 (Bankr. D. Del. Feb. 12, 2009); *In re Qimonda Richmond, LLC*, No. 09-10589 (Bankr. D. Del. Feb. 20, 2009); *In re Pliant Corp.*, No. 09-10443 (Bankr. D. Del. Feb. 11, 2009); *In re Smurfit-Stone Container Corp.*, No. 09-10235 (Bankr. D. Del. Jan. 27, 2009); *In re Nortel Networks, Inc.*, No. 09-10138 (Bankr. D. Del. Jan. 14, 2009); and *In re Blue Tulip Corp.*, No. 09-10015 (Bankr. D. Del. Jan. 5, 2009).

6. Epiq represents, among other things, the following:

    a. Epiq will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the notice and claims agent in these chapter 11 cases;

    b. By accepting employment in these chapter 11 cases, Epiq waives any rights to receive compensation from the United States government in its capacity as the notice and claims agent in these chapter 11 cases;

    c. In its capacity as the notice and claims agent in these chapter 11 cases, Epiq will not be an agent of the United States and will not act on behalf of the United States; and

    d. Epiq will not employ any past or present employees of the Debtors in connection with its work as the notice and claims agent in these chapter 11 cases.

7. To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Epiq, nor any employee thereof, has any materially adverse connection with the Debtors, their creditors, or any other party in interest herein. Epiq may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Epiq serves or has served in a neutral capacity as noticing, claims, and balloting agent for another chapter 11 debtor.

3

K&E 19705498

8. Additionally, "Muzak LLC" appears to be a significant vendor of the Debtors and "Cablevision" and "Frontier" appear to be utilities of the Debtors. Epiq in the past served in a neutral capacity as claims and noticing agent for Muzak Holdings LLC and affiliated debtors, including Muzak LLC, and currently serves in a neutral capacity as claims and noticing agent for (a) Adelphia Communications Corporation and affiliated debtors, certain of which may or may not relate to "Cablevision" and/or "Frontier," and (b) Frontier Airlines Holdings, Inc. and affiliated debtors, certain of which may or may not relate to "Frontier." But given Epiq's neutral position as claims and noticing agent in those cases, the Debtors' cases or any other cases, we do not view such relationships as real or potential conflicts. Further, to the best of my knowledge, any such relationships are completely unrelated to these chapter 11 cases.

9. In addition, Epiq personnel may have relationships with some of the Debtors' creditors or other parties in interest. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal nature and completely unrelated to these chapter 11 cases. Epiq has and will continue to represent clients in matters unrelated to these chapter 11 cases. In addition, Epiq has had and will continue to have relationships in the ordinary course of its business with certain vendors, professionals, and other parties in interest that may be involved in the Debtors' cases in matters unrelated to these cases. Epiq may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors. To the best of my knowledge, neither Epiq, nor any employees thereof, represent any interest materially adverse to the Debtors' estates with respect to any matter upon which Epiq is to be engaged. Based on the foregoing, I believe that Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

10. Although the Debtors do not propose to retain Epiq under section 327 of the Bankruptcy Code, Epiq has nonetheless conducted a conflicts analysis to determine whether it has any relationships with the entities provided by the Debtors. At this time, we are not aware of any relationship which would present a disqualifying conflict of interest. Should Epiq discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Epiq will use reasonable efforts to file promptly a supplemental declaration.

11. Epiq shares a corporate parent with certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions, Chapter 7 and 13 bankruptcy, litigation, and regulatory compliance. Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate parent.

12. In performing the services of notice and claims agent, Epiq will charge the Debtors the rates set forth in the Services Agreement, which is annexed as **Exhibit 1** to **Exhibit A** to the Motion.

13. The proposed compensation arrangement is consistent with, and typical of, arrangements of Epiq and its competitor firms to provide claims and noticing agent services in chapter 11 cases.

14. Epiq requests that the Debtors pay its fees and expenses in accordance with the terms of the Services Agreement. Epiq will submit invoices summarizing, in reasonable detail, the services and expenses for which compensation is sought.

15. Epiq will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of section 156(c) of title 28 of the United States Code.

*[Remainder of Page Intentionally Left Blank]*

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief, and that I executed this Declaration on October 5, 2011, in Chicago, Illinois.

By: _____
Jason D. Horwitz
*Vice President and Senior Consultant of*
*Epiq Bankruptcy Solutions, LLC*