# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRIENDLY ICE CREAM CORPORATION, *et al.*,[1] | ) | Case No. 11-13167 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO PAY PREPETITION (A) WAGES, SALARIES, AND OTHER COMPENSATION, (B) REIMBURSABLE EMPLOYEE EXPENSES, AND (C) EMPLOYEE MEDICAL AND SIMILAR BENEFITS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing, but not directing, the Debtors to (a) pay prepetition wages, salaries, and other compensation, taxes, withholdings, and related costs, and reimbursable employee expenses, (b) pay and honor obligations relating to employee medical, insurance, and other benefits programs, and (c) continue their employee medical, insurance, and other benefits programs on a postpetition basis and (ii) authorizing financial institutions to receive, process, honor, and pay all checks presented for payment and electronic payment requests related to the foregoing; and upon the First Day Declaration; and this Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Friendly Ice Cream Corporation (3130); Friendly's Restaurants Franchise, LLC (3693); Friendly's Realty I, LLC (2580); Friendly's Realty II, LLC (2581); and Friendly's Realty III, LLC (2583). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1855 Boston Road, Wilbraham, Massachusetts 01095.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DOCS_DE:173752.1/68700.001

the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and this Court having found that no other or further notice need be provided; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and this Court having found that relief requested in the Motion is necessary to prevent immediate and irreparable harm; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, to pay and honor all prepetition obligations associated with the Employee Wages and Benefits and to continue the Employee Benefit Programs in the ordinary course of business to the extent requested in the Motion; *provided, however*, that, the Debtors may not pay any Employee, Temporary Employee, or Independent Contractor more than $11,725, up to an aggregate maximum amount of $5.6 million, on account of prepetition Unpaid Compensation.

3. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

4. The Debtors are authorized, but not directed, to continue to honor their obligations, including any prepetition obligations, to Employees and applicable third-parties for Reimbursable Expenses, the Automobile Benefits, the Leased Automobile Expenses, and

Employee expenses on account of the Company Car Benefit, in accordance with the Debtors' stated policies and prepetition practices; *provided, however*, that the Debtors may not pay in excess of $550,000 on account of prepetition Reimbursable Expenses.

5. The Debtors are authorized, but not directed, to honor the Employee Benefit Programs, including, without limitation, (a) the Health Benefits, (b) the Flexible Spending Accounts and Healthcare Savings Accounts, (c) the Workers' Compensation Programs, (d) the 401(k) Plan, (e) the Life, Disability and AD&D Insurance Coverage, and (f) Vacation Pay, Sick Leave, Paid Time Off, and Bereavement Pay; and to make any necessary contributions to such programs and pay any unpaid premium, claim, or amount owed as of the Petition Date with respect thereto, *provided, however*, that the Debtors may not pay in excess of $4 million on account of Employee Benefit Programs.

6. The Debtors are authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Employee Wages and Benefits.

7. Nothing herein shall be deemed to authorize the payment of any amounts that may be subject to section 503(c) of the Bankruptcy Code.

8. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the prepetition or postpetition obligations the Debtors are authorized to pay pursuant to this Order is authorized to honor checks presented for payment, including the Uncashed Checks, and all fund transfer requests made by the Debtors related to such obligations to the extent that sufficient funds are on deposit in such accounts.

K&E 19690387

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Wages and Benefits obligations authorized to be paid by this Order.

10. Notwithstanding anything to the contrary contained herein, (i) any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order approving debtor-in-possession financing (a "DIP Order"), and (ii) any claim for which payment is authorized pursuant to this Order that is treated as an administrative expense of the Debtors' estates shall be and is subject and subordinate to any and all claims, liens, security interests, and priorities granted to the DIP Agents (as defined in the DIP Order) in accordance with and subject to the terms of the applicable DIP Order, and payment on any such claim shall be subject to any and all restrictions on payments in the DIP Order and any other order of the Court authorizing the Debtors' use of cash collateral.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

12. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

Dated: _____, 2011
      Wilmington, Delaware

                                            United States Bankruptcy Judge

K&E 19690387