# EXHIBIT A

# Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRIENDLY ICE CREAM CORPORATION, *et al.*,[1] | ) Case No. 11-13167 (\_\_) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS (A) ARISING UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT, (B) OF SHIPPERS, WAREHOUSEMEN, AND OTHER LIEN CLAIMANTS, AND (C) ARISING UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE AND (II) GRANTING CERTAIN RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (i) authorizing the Debtors to pay (a) PACA Claims, (b) Shipping Claims and other Lien Claims, (c) all claims arising under section 503(b)(9) of the Bankruptcy Code in the ordinary course of business as such claims come due; and (ii) authorizing financial institutions to receive, process, honor, and pay all checks presented for payment and electronic payment requests related to the foregoing; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Friendly Ice Cream Corporation (3130); Friendly's Restaurants Franchise, LLC (3693); Friendly's Realty I, LLC (2580); Friendly's Realty II, LLC (2581); and Friendly's Realty III, LLC (2583). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1855 Boston Road, Wilbraham, Massachusetts 01095.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to review PACA Claims received from PACA Vendors and to pay all valid PACA Claims, including any and all amounts relating to the period prior to the Petition Date, in an aggregate amount not to exceed $600,000.

3. The Debtors' right to contest the validity or amount of any PACA Claims asserted against them is unimpaired by this Order and nothing in the Motion or this Order shall constitute a finding that the Debtors are subject to PACA.

4. Any PACA Vendor who accepts payment from the Debtors in satisfaction of its valid PACA Claim will be deemed to have waived any and all claims of whatever type, kind, or priority, against the Debtors, their property, their estates, and any PACA Trust Assets.

5. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay all or part of, and discharge, on a case-by-case basis, the Shipping Claims in an aggregate amount not to exceed $700,000.

6. Nothing herein shall impair the Debtors' ability to contest, without prejudice, in their sole discretion, the validity and amounts of any claim obligations to the Shipping Vendors, Lien Claimants, or holders of claims arising under section 503(b)(9) of the Bankruptcy Code.

7. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay all or part of, and discharge, on a case-by-case basis, the Lien Claims in an aggregate amount not to exceed $7.1 million.

8. The Debtors are authorized to pay claims arising under section 503(b)(9) of the Bankruptcy Code in the ordinary course of business, as they become due, on a case-by-case basis, such claims in an aggregate amount not to exceed $8.5 million.

9. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the prepetition or postpetition obligations are authorized to honor checks presented for payment and all fund transfer requests made by the Debtors related to such obligations to the extent that sufficient funds are on deposit in such accounts.

10. The Debtors are authorized to issue postpetition checks or to make additional electronic payment requests with respect to payment of a PACA Claim, Shipping Claim, Lien Claim, and claim arising under section 503(b)(9) of the Bankruptcy Code, in the event prepetition checks or electronic payment requests are dishonored or rejected.

11. Notwithstanding anything to the contrary contained herein, (i) any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order approving debtor-in-possession financing (a "DIP Order"), and (ii) any claim for which payment is authorized pursuant to this Order that is treated as an administrative expense of the Debtors' estates shall be and is subject and subordinate to any and all claims, liens, security interests,

K&E 19705048.24

and priorities granted to the DIP Agents (as defined in the DIP Order) in accordance with and subject to the terms of the applicable DIP Order, and payment on any such claim shall be subject to any and all restrictions on payments in the DIP Order and any other order of the Court authorizing the Debtors' use of cash collateral.

12. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

13. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

Dated: _____, 2011
       Wilmington, Delaware

                                                  United States Bankruptcy Judge

K&E 19705048.24