# EXHIBIT A

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRIENDLY ICE CREAM CORPORATION, *et al.*,[1] | ) | Case No. 11-13167 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## INTERIM ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Order") determining adequate assurance of payment for future utility services, all as more fully set forth in the Motion and scheduling a final hearing (the "Final Hearing") to consider entry of the Final Order; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Friendly Ice Cream Corporation (3130); Friendly's Restaurants Franchise, LLC (3693); Friendly's Realty I, LLC (2580); Friendly's Realty II, LLC (2581); and Friendly's Realty III, LLC (2583). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1855 Boston Road, Wilbraham, Massachusetts 01095.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein on an interim basis.

2. In addition, a Final Hearing with respect to the Motion shall be held on _____, 2011 at __:__ a.m./p.m. **prevailing Eastern Time**. Any objections or responses to the Motion shall be filed on or before _____, 2011, and served on the parties, as required by the Local Rules. In the event no objections are timely received, the Court may enter the Final Order without the need for the Final Hearing.

3. The Debtors are authorized to (a) pay Advantage any amounts due and owing prior to the Petition Date and (b) continue making payments to Advantage for their services rendered in the ordinary course of business.

4. The Debtors shall deposit the Adequate Assurance Deposit into the Adequate Assurance Deposit Account as provided in the Motion within 3 business days following entry of this Order.

5. The following Adequate Assurance Procedures are approved:

    a. If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (an "Additional Assurance Request") upon (i) Friendly Ice Cream Corporation, 1855 Boston Road, Wilbraham, Massachusetts 01095, Attn: Bob Sawyer; (ii) proposed counsel to Friendly Ice Cream Corporation, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Jeffrey D. Pawlitz and Inbal Hasbani; (iii) proposed co-counsel to Friendly Ice Cream Corporation, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899-8705 (courier 19801), Attn: Laura Davis Jones; (iv) The Office of the United States Trustee for

2

the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Richard L. Schepacarter; and (v) proposed counsel to any official committee appointed in these chapter 11 cases (collectively, the "Notice Parties").

b. Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) certify the amount that is equal to two weeks of utility service it provides to the Debtors, calculated as a historical average over the past 12 months; (v) certify that it currently is not paid in advance for its services; and (vi) explain why the Utility Provider believes the Debtors' Adequate Assurance is not sufficient adequate assurance of future payment.

c. Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have 21 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

d. The Debtors may resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

e. If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

f. Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Debtors' Adequate Assurance.

g. The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request.

6. This Order applies to any subsequently identified Utility Provider, regardless of when each Utility Provider was added to the Utility Service List.

7. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is authorized to honor checks presented for payment of obligations described in the Motion and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

8. Notwithstanding anything to the contrary contained herein, (i) any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order approving debtor-in-possession financing (a "DIP Order"), and (ii) any claim for which payment is authorized pursuant to this Order that is treated as an administrative expense of the Debtors' estates shall be and is subject and subordinate to any and all claims, liens, security interests, and priorities granted to the DIP Agents (as defined in the DIP Order) in accordance with and subject to the terms of the applicable DIP Order, and payment on any such claim shall be subject to any and all restrictions on payments in the DIP Order and any other order of the Court authorizing the Debtors' use of cash collateral.

9. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

Dated: _____, 2011
Wilmington, Delaware

_____
United States Bankruptcy Judge

4

K&E 19690358