IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRIENDLY ICE CREAM CORPORATION, *et al.*,[1] | ) Case No. 11-13167 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES[2]

**PLEASE TAKE NOTICE** that on October 5, 2011, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed a motion [Docket No. 15] (the "Sale Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") which seeks approval of key dates, times and procedures related to the sale of substantially all of the Debtors' assets (the "Acquired Assets") to Sundae Group Holdings II, LLC (the "Stalking Horse Purchaser") contemplated by the Asset Purchase Agreement. On November 3, 2011, the Bankruptcy Court approved the Bidding Procedures. On December 29, 2011, the Debtors intend to seek approval of, among other things, the sale of the Acquired Assets, including the assumption and assignment of certain executory contracts and unexpired leases. To the extent that there are any inconsistencies between the Bidding Procedures and the summary description of the terms and conditions contained in this Notice, the terms of the Bidding Procedures shall control.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR MORE OF THE DEBTORS AS SET FORTH ON EXHIBIT A ATTACHED HERETO.**[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Friendly Ice Cream Corporation (3130); Friendly's Restaurants Franchise, LLC (3693); Friendly's Realty I, LLC (2580); Friendly's Realty II, LLC (2581); and Friendly's Realty III, LLC (2583). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1855 Boston Road, Wilbraham, Massachusetts 01095.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures or the Bidding Procedures Order, as applicable.

[3] This Notice is being sent to counterparties to Executory Contracts and Unexpired Leases. This Notice is *not* an admission by the Debtors that such contract or lease is executory or unexpired. The Debtors intend to file and serve on affected counterparties an amended schedule of Cure Amounts (as defined herein), including any Cure Amounts that remain to be determined, shortly hereafter.

PLEASE TAKE FURTHER NOTICE that pursuant to the Bidding Procedures, the Debtors **may** assume and assign to the Stalking Horse Purchaser the executory contract(s) or unexpired lease(s) listed on <u>Exhibit A</u> attached hereto (each, an "Assigned Contract") to which you are a counterparty. The Debtors have conducted a review of their books and records and have determined that the cure amount for unpaid monetary obligations under such Assigned Contract is as set forth on <u>Exhibit A</u> attached hereto (the "Cure Amount"). **If you disagree with the proposed Cure Amount, object to the proposed assignment to the Stalking Horse Purchaser of the Assigned Contract(s) or object to the Stalking Horse Purchaser' ability to provide adequate assurance of future performance with respect to any Assigned Contracts, you must file an objection with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern Time) on December 22, 2011, (the "<u>Objection Deadline</u>") and serve such objection on (a) the Debtors, Friendly Ice Cream Corporation, 1855 Boston Road, Wilbraham, Massachusetts 01095, Attn: Robert K. Sawyer; (b) counsel for the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Ross M. Kwasteniet; (c) counsel to the Committee, Akin Gump Strauss Hauer & Feld, LLP, One Bryant Park, New York, New York 10036, Attn: Philip Dublin; (d) counsel to the Stalking Horse Purchaser, Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, Pennsylvania 19103, Attn: David A. Gerson; (e) counsel to the DIP Agent, Paul Hastings LLP, 600 Peachtree Street, N.E., Suite 2400, Atlanta, Georgia 30308, Attn: Jesse H. Austin, III; and (f) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Richard Schepacarter.**

PLEASE TAKE FURTHER NOTICE that the Debtors propose that if no objection to (a) the Cure Amount(s), (b) the proposed assignment of the Assigned Contract(s) to the Stalking Horse Purchaser or (c) adequate assurance of the Stalking Horse Purchaser' ability to perform is filed by the Objection Deadline, (i) you will be deemed to have stipulated that the Cure Amount(s) as determined by the Debtors is correct, (ii) you shall be forever barred, stopped, and enjoined from asserting any additional cure amount under the Assigned Contract(s) and (iii) you will be forever barred from objecting to the assignment of the Assigned Contract(s) to the Stalking Horse Purchaser based on adequate assurance of future performance.

PLEASE TAKE FURTHER NOTICE that, promptly following the Debtors' selection of the Successful Bid and the conclusion of the Auction, the Debtors shall file with the Bankruptcy Court notice of the Successful Bid and Successful Bidder. In the event the Stalking Horse Purchaser is not the Successful Bidder at the Auction, any counterparty to a Assigned Contract shall have the right to object to the Successful Bidder's ability to perform on or before the Sale Hearing scheduled for December 29, 2011 at 10:00 a.m. (prevailing Eastern Time). To the extent such counterparty does not object in accordance herewith, the Bankruptcy Court may enter an order forever barring such counterparty to a Assigned Contract from objecting to the adequate assurance of the Successful Bidder's ability to perform.

PLEASE TAKE FURTHER NOTICE that with respect to any Assigned Contract assumed and assigned to the Successful Bidder (including the Stalking Horse Purchaser), all Cure Amounts shall be satisfied by payment by the Successful Bidder of the Cure Amounts as soon as reasonably practicable after closing of the sale of the Acquired Assets to the Successful Bidder (including the Stalking Horse Purchaser) or on such other terms as the parties to each

2

such Assigned Contract and the Successful Bidder may otherwise agree without any further notice to or action, order or approval of the Bankruptcy Court. In addition, the assumption of each such Assigned Contract may be conditioned upon the disposition of all issues with respect to such Assigned Contract.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Bidding Procedures, with respect to any Assigned Contract, in the event of a dispute regarding: (a) the amount of any Cure Amount; (b) the ability of the Successful Bidder (including the Stalking Horse Purchaser) to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code), if applicable, under such Assigned Contract; or (c) any other matter pertaining to assumption, the Cure Amounts shall be paid as soon as reasonably practicable following the entry of a final order resolving the dispute and approving the assumption of such Assigned Contract; provided, however, that the Debtors, in consultation with the Committee, may settle any dispute regarding the amount of any Cure Amount or assignment to the Successful Bidder (including the Stalking Horse Purchaser) without any further notice to or action, order or approval of the Bankruptcy Court.

**PLEASE THAT FURTHER NOTICE THAT** notwithstanding anything herein, this Notice shall not be deemed to be an assumption, adoption, rejection or termination of the Assigned Contracts. Moreover, the Debtors explicitly reserve their rights, in their sole discretion, to seek to reject or assume each Assigned Contract pursuant to section 365(a) of the Bankruptcy Code and nothing herein (a) alters in any way the prepetition nature of the Assigned Contracts or the validity, priority or amount of any claims of a counterparty to an Assigned Contract against the Debtors that may arise under such Assigned Contract, (b) creates a postpetition contract or agreement or (c) elevates to administrative expense priority any claims of an counterparty to an Assigned Contract against the Debtors that may arise under such Assigned Contract.

Dated: November 8, 2011           PACHULSKI STANG ZIEHL & JONES LLP
       Wilmington, Delaware

*/s/ Kathleen P. Makowski*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Kathleen P. Makowski (DE Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              tcairns@pszjlaw.com
              kmakowski@pszjlaw.com

- and -

James A. Stempel (admitted *pro hac vice*)
Ross M. Kwasteniet (admitted *pro hac vice*)
Jeffrey D. Pawlitz (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.stempel@kirkland.com
              ross.kwasteniet@kirkland.com
              jeffrey.pawlitz@kirkland.com

*Co-Counsel to the Debtors
and Debtors in Possession*