# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
|  | ) | Case No. 11-13167 (KG) |
| FRIENDLY ICE CREAM CORPORATION., *et al.*,[1] | ) ) | Jointly Administered |
| Debtors. | ) ) ) | **Related Docket No.: 304** |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF FRIENDLY ICE CREAM CORPORATION,
ET AL. TO RETAIN AND EMPLOY FTI CONSULTING, INC.
AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO OCTOBER 14, 2011**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Friendly Ice Cream Corporation, et al. (the "Debtors") for an order pursuant to section 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Committee to retain and employ FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees ("FTI"), as financial advisor; and upon the Affidavit of Matthew Diaz in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI is not representing any other entities having an adverse interest in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED THAT**:

---

1  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Friendly Ice Cream Corporation (3130); Friendly's Restaurant Franchise, LLC (3693); Friendly's Realty I. LLC (2580); Friendly's Realty II, LLC (2581); and Friendly's Realty III, LLC (2583). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1855 Boston Road, Wilbraham, MA 01095.
2  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1. The Application is GRANTED as set forth herein.

1. In accordance with Bankruptcy Code section 1103, the Committee is authorized to employ and retain FTI as its financial advisors on the terms set forth in the Application, with such employment being <u>nunc</u> <u>pro</u> <u>tunc</u> to October 14, 2011.

2. FTI shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331 and such Bankruptcy Rules as may then be applicable, and such procedures as may be fixed by order of this Court.

3. FTI is entitled to reimbursement of actual and necessary expenses, including any reasonable legal fees incurred for FTI's defense of its retention application and fee applications in this matter, subject to Court approval.

4. The following indemnification provisions are approved:

a. subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement as financial advisor for the Committee, but not for any claim arising from, related to, or in connection with FTI's postpetition performance of any services other than those in connection with this engagement, unless such postpetition services and indemnification therefore are approved by this Court; and

b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) *infra*, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of the Application; and

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application therefore in this Court, and the Debtors may not pay any such amounts to FTI before the entry of

an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligations to indemnify FTI.

5. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the application.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: November __, 2011
Wilmington, Delaware

_____
HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE