# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 11-13167 (KG) |
| FRIENDLY ICE CREAM CORPORATION., *et al.*,[1] | ) ~~(~~Jointly Administered~~)~~ |
| | ) |
| Debtors. | ) |
| | ) ~~RE~~**Related** Docket No. **305** ~~]~~ |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 1102(B)(3)(A) AND 1103(C)
(I) CLARIFYING SCOPE OF AND ESTABLISHING PROCEDURES IN CONNECTION
WITH CREDITOR ACCESS TO INFORMATION UNDER 11 U.S.C. § 1102(B)(3)(A)
AND (II) AUTHORIZING THE RETENTION OF KURTZMAN CARSON
CONSULTANTS, LLC~~,~~ AS INFORMATION ~~AGENTS~~AGENT IN CONNECTION
THEREWITH**

Upon the *Motion of the Official Committee of Unsecured Creditors of Friendly Ice*

*Cream Corporation, <u>et al.</u>* (the "<u>Committee</u>") *Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3)(A)*

*and 1103(c) for Entry of an Order (I) Clarifying Its Requirement to Provide Access to*

*Information Under 11 U.S.C. § 1102(b)(3)(A) and (II) Authorizing the Retention of Kurtzman*

*Carson Consultants, LLC* ("<u>KCC</u>"), *as Information* ~~Agents~~*Agent in Connection Therewith* (the

"<u>Motion</u>");[2] and upon the Affidavit of Albert Kass, Vice President of Corporate Restructuring

Services of KCC, in support of the Motion; and it appearing that the relief requested in the

Motion is in the best interests of the Debtors' estates, their creditors and all other parties in

interest; and the Court being satisfied that KCC has the capability and experience to provide the

services for which it is to be retained by the Committee, and that KCC does not hold an interest

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Friendly Ice Cream Corporation (3130); Friendly's Restaurant Franchise, LLC (3693); Friendly's Realty I. LLC (2580); Friendly's Realty II, LLC (2581); and Friendly's Realty III, LLC (2583). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1855 Boston Road, Wilbraham, MA 01095.

[2] ~~Unless otherwise defined, all capitalized~~Capitalized terms used <u>but not otherwise defined</u> herein shall have the ~~same meaning~~meanings ascribed to such terms in the Motion.

adverse to the Debtors' estates respecting the matters upon which KCC is to be engaged; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

and it appearing that no other or further notice need be provided; and any objections to the

Motion having been resolved or overruled; and after due deliberation and sufficient cause

appearing therefor, it is ~~hereby~~**HEREBY ORDERED THAT**:

1.      The Motion is granted to the extent set forth herein.

2.      <u>Access to Creditor Information</u>.  In satisfaction of the Committee's obligations to

provide unsecured creditors with access to information (the "<u>Creditor Information Protocol</u>") in

accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B), the Committee shall, until the

earliest to occur of (a) dissolution of the Committee, (b) dismissal or conversion of the Debtors'

chapter 11 cases (the "<u>Chapter 11 Cases</u>") or (c) a further order of the Court:

> ~~(i)~~<u>a.</u>    Establish and maintain an Internet-accessible website (the "<u>Committee Website</u>")~~,~~ to be maintained by and through KCC~~,~~ that provides, without limitation:
>
>> ~~(a)~~<u>i.</u>     a link or other form of access to the website maintained by the Debtors' claims, noticing and balloting agent at http://dm.epiq11.com/FIC/, which shall include, among other things, the case docket and claims register;
>>
>> ~~(b)~~<u>ii.</u>    highlights of significant events in the Chapter 11 Cases;
>>
>> ~~(c)~~<u>iii.</u>   a calendar with upcoming significant events in the Chapter 11 Cases;
>>
>> ~~(d)~~<u>iv.</u>   a general overview of the chapter 11 process;
>>
>> ~~(e)~~<u>v.</u>    press releases (if any) issued by the Committee or the Debtors;
>>
>> ~~(f)~~<u>vi.</u>   a registration form for creditors to request "real-time" updates regarding the Chapter 11 Cases via electronic mail;

(g)vii.    a form to submit creditor questions, comments and requests for access to information;

(h)viii.   responses to creditor questions, comments, and requests for access to information; provided, that the Committee may privately provide such responses in the exercise of its reasonable discretion, including in light of the nature of the information request and the creditor's agreement to appropriate confidentiality and trading constraints;

(i)ix.    answers to frequently asked questions;

(j)x.     links to other relevant websites;

(k)xi.    the names and contact information for the Debtors' counsel and restructuring advisors; and

(l)xii.    the names and contact information for the Committee's counsel and financial advisors;

(ii)b.    Distribute updates by and through KCC regarding the Chapter 11 Cases via electronic mail for creditors that have registered for such service on the Committee Website; and

(iii)c.   Establish and maintain a telephone number and electronic mail address by and through KCC for creditors to submit questions and comments.

3.     <u>Privileged and Confidential Information</u>. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15), "<u>Entity</u>"): (i) without further order of the Court, confidential, proprietary, or other non-public information concerning the Debtors or the Committee, including (without limitation) with respect to the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses and all matters related thereto, or any other matter relevant to the Chapter 11 Cases or to the formulation of one or more chapter 11 plans (including any and all confidential, proprietary, or other non-public materials of the Committee) whether provided (voluntarily or involuntarily) by or on behalf of the Debtors or by any third party or prepared by or for the Committee (collectively, the "<u>Confidential Information</u>") or

(ii) any other information if the effect of such disclosure would constitute a general waiver of the attorney/client, work-product or any other applicable privilege possessed by the Committee.

4.     Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order, but, rather, by any order governing such discovery; provided, however, that any information received (formally or informally) by the Committee shall be governed by the terms of this Order and any confidentiality agreement between the Committee and the Debtors or other parties in interest concerning the Chapter 11 Cases including any confidentiality obligations contained in the Committee's bylaws.

5.     The Debtors shall assist the Committee in identifying any Confidential Information concerning the Debtors that is provided by (a) the Debtors or their agents or professionals or (b) by any third party, to the Committee, its agents or professionals.

6.     Creditor Information Requests.  If a creditor (a "Requesting Creditor") submits a written request, including on the Committee Website or by electronic mail (the "Information Request"), for the Committee to disclose information, the Committee shall (i) as soon as practicable, but no more than twenty (20) business days after receipt of the Information Request, provide the creditor with a response (including on the Committee Website) to the Information Request (the "Response"), as well as provide access to the information requested or the reasons the Information Request cannot be complied with and (ii) provide the Debtors with (x) notice of the Information Request within five (5) business days of the Committee's receipt of the Information Request and (y) a copy of the Response.  If the Response is to deny the Information

Request because the Committee believes the Information Request implicates Confidential

Information that need not be disclosed pursuant to the terms of this Order or otherwise under

Bankruptcy Code section 1102(b)(3)(A), or that the Information Request is unduly burdensome,

the Requesting Creditor may, after a good faith effort to meet and confer with an authorized

representative of the Committee regarding the Information Request and the Response, seek to

compel such disclosure for cause pursuant to a motion brought before this Court. Such motion

shall be served and the hearing on such motion shall be noticed and scheduled pursuant to the

Bankruptcy Rules, the Local Rules of this Court or any case management order entered in the

Chapter 11 Cases. The Committee shall not object to any Requesting Creditor's request to

participate in any such hearing by telephone conference. Nothing herein shall be deemed to

preclude the Requesting Creditor from requesting (or the Debtors or the Committee objecting to

such request) that the Committee provide the Requesting Creditor a log or other index of any

information specifically responsive to the Requesting Creditor's request that the Committee

deems to be Confidential Information following notice and an opportunity for the Debtors to

review such log in advance of it being furnished to the Requesting Creditor. Furthermore,

nothing herein shall be deemed to preclude the Requesting Creditor from requesting that this

Court conduct an in camera review of any information specifically responsive to the Requesting

Creditor's request that the Committee claims is Confidential Information provided, however, that

if the Committee elects, subject to paragraph 8, to provide access to Confidential Information,

the Committee shall have no responsibility for the Requesting Creditor's compliance with, or

liability for violation of, applicable securities or other laws. Any disputes with respect to this

paragraph shall be resolved as provided in paragraph 8.

7.    In its Response to an Information Request, the Committee shall consider whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality and trading restrictions with respect to such Confidential Information and represent that such trading restrictions and any information-screening process complies with applicable securities laws; and (b) under the particular facts, such agreement and any information-screening process that the Requesting Creditor implements will reasonably protect the confidentiality of such information; provided, however, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality and trading restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

8.    <u>Release of Confidential Information or Privileged Information of the Debtors to Third Parties</u>.  If the Information Request implicates Confidential Information of the Debtors (or any other Entity other than the Committee) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to unsecured creditors, the Committee may make a demand (the "<u>Demand</u>") for the benefit of the Debtors' unsecured creditors in accordance with the following procedures: (a) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to Kirkland & Ellis LLP, counsel for the Debtors, 300 North LaSalle, Chicago, IL 60654, attention: James A. Stempel at james.stempel@kirkland.com, Ross M. Kwastenient at ross.kwasteniet@kirkland.com and Jeffrey D. Pawlitz at jeffrey.pawlitz@kirkland.com ("<u>Debtors' Counsel</u>"), stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on

or before twenty (20) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor or the Debtors may schedule a hearing with this Court pursuant to the Bankruptcy Rules or any case management order entered in the Chapter 11 Cases seeking a ruling with respect to the Demand; and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' Counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before twenty (20) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court pursuant to the Bankruptcy Rules or any case management order entered in the Chapter 11 Cases seeking a ruling with respect to the Demand. In the event there is an objection to the disclosure of Confidential Information pursuant to this paragraph, such information shall only be disclosed to the extent provided in an order by the Court that has become final and non-appealable.

9. Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in Bankruptcy Code section 1102(b)(3).

10. Exculpation. Without limiting the Committee's obligation to comply with these procedures, none of the Debtors, the Committee, nor any of their respective directors, officers, employees, members, attorneys, consultants, advisors, or agents (each acting in such capacity) (collectively, the "Exculpated Parties") shall have or incur any liability to any Entity (including the Debtors and their affiliates) for any act taken or omitted to be taken in connection with the

preparation, dissemination, or implementation of the Information Protocol, the Committee Website and any other information to be provided pursuant to Bankruptcy Code section 1102(b)(3); provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph 10 that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

11.     Retention of Information Agent.  The Committee is authorized to employ and retain KCC as its Information Agent, subject to the terms of the Services Agreement, the Pricing Structure, and the terms and conditions set forth herein.

12.     Reimbursement of KCC.  Without further order of the Court, the Debtors are authorized and directed to compensate KCC on a monthly basis in accordance with the terms and conditions of the Services Agreement and the Pricing Structure, upon KCC's submission to the Committee and the Debtors of monthly invoices summarizing in reasonable detail the services rendered and expenses incurred in connection therewith.  The fees and expenses KCC incurs in the performance of its services shall be (i) treated as an administrative expense of the Debtors' Chapter 11 Cases and (ii) paid by the Debtors in the ordinary course of business without further application to this Court; provided, however, that to the extent that any of KCC's fees and expenses are disallowed by this Court, KCC shall not be entitled to an administrative expense for such disallowed fees and expenses.

13. Indemnification of KCC. Notwithstanding anything in this Order, the Motion or the Services Agreement to the contrary, the penultimate and final sentences of paragraph VII.B of the Services Agreement shall be of no force or effect, and KCC shall solely be entitled to indemnification in accordance with the following:

a. subject to the provisions of subparagraphs (b) and (c) below, the Committee is authorized to indemnify, and shall indemnify, KCC for any claims arising from, related to, or in connection with KCC's engagement as Information Agent for the Committee, but not for any claim arising from, related to, or in connection with KCC's postpetition performance of any services other than those in connection with this engagement, unless such postpetition services and indemnification therefore are approved by this Court;

b. the Committee shall have no obligation to indemnify KCC for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from KCC's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to KCC's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC is not entitled to receive indemnity under the terms of the Motion or Services Agreement; and

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, KCC believes that it is entitled to the payment of any amounts on account of the Committee's indemnification obligations under the Motion or the Services Agreement, including, without limitation, the advancement of defense costs, KCC must file an application therefor in this Court, and any such amount may not be paid to KCC before entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KCC for indemnification, and not as a provision limiting the duration of the Committee's obligations to indemnify KCC.

1314. This Order shall be effective as of the date of entry by the Court (the "Effective Date"); the terms of this Order, however, shall apply to all information governed by this Order, including information in the Committee's possession prior to the Effective Date.

1415.    This Order shall be binding in all respects upon the Debtors, the Committee and

any successors thereto and all creditors and parties in interest.

1516.    This Court shall retain exclusive jurisdiction to interpret and enforce the

provisions of this Order in all respects and further to hear and determine all matters arising from

the construction and implementation of this Order.

Dated: _____, 2011

                                           _____

Honorable Kevin Gross
United States Bankruptcy Court Judge

| Summary Report: Litera Change-Pro ML WIX 6.5.0.303 Document Comparison done on 11/17/2011 5:06:44 PM | |
|---|---|
| **Style Name:** Default Style | |
| **Original Filename:** | |
| **Original DMS:** iw://EASTDMS/EAST/101801524/1 | |
| **Modified Filename:** | |
| **Modified DMS:** iw://EASTDMS/EAST/101801524/4 | |
| **Changes:** | |
| Add | 32 |
| Delete | 35 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| **Total Changes:** | 67 |