# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| FRIENDLY ICE CREAM CORPORATION, *et al.*,[1] | ) Case No. 11-13167 (KG) |
| Debtors. | ) (Jointly Administered) |
| | ) Hearing Date: November 21, 2011 at 10:00 a.m. (ET) |
| | ) Related Docket Nos. 95, 239, 251 & 257 |

## SUPPLEMENTAL OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FRIENDLY ICE CREAM CORPORATION, ET AL. TO APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF DUFF & PHELPS SECURITIES, LLC AS FINANCIAL ADVISORS FOR THE DEBTORS *NUNC PRO TUNC* TO OCTOBER 5, 2011

The Official Committee of Unsecured Creditors (the "Committee") of Friendly Ice Cream Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") submits this supplemental objection (the "Supplemental Objection")[2] to the Application for Order Authorizing Employment of Duff & Phelps Securities, LLC ("DPS") as Financial Advisor for the Debtors Nunc Pro Tunc to October 5, 2011 (the "DPS Application") [Docket No. 95]. In support of this Supplemental Objection and in further support of the Limited Objection, the Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Friendly Ice Cream Corporation (3130); Friendly's Restaurant Franchise, LLC (3693); Friendly's Realty I. LLC (2580); Friendly's Realty II, LLC (2581); and Friendly's Realty III, LLC (2583). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1855 Boston Road, Wilbraham, MA 01095.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the DPS Application or the *Limited Objection of the Official Committee of Unsecured Creditors of Friendly Ice Cream Corporation, et al., to Application for Order Authorizing Employment of Duff & Phelps Securities, LLC as Financial Advisors for the Debtors Nunc Pro Tunc to October 5, 2011* [Docket No. 239] (the "Limited Objection"), as applicable.

**PRELIMINARY STATEMENT**

1. As discussed in detail in the Limited Objection, the Committee does not believe that DPS should be entitled to receive a $1.35 million Insider Sale Fee in circumstances where it fails to procure at least one additional "qualifying bid" for the purchase of the Debtors' assets, and the Stalking Horse Bidder prevails without a competitive auction. Rather, the Committee believes that DPS' should be incentivized to procure competing bids for a robust auction. Accordingly, the Committee has proposed that if DPS procures at least one "qualifying bid" and, thus, a competitive auction occurs, DPS should be compensated through a "sliding scale" Restructuring Fee that increases DPS' compensation as the purchase price increases.

2. In its reply (the "DPS Reply") [Docket No. 257] to the Limited Objection, DPS sought to justify the proposed Insider Sale Fee of $1.35 million as "reasonable" when viewed as a percentage of a $120 million transaction value, and relative to other "comparable" transactions.

3. Since the filing of the DPS Reply, however, two significant events have occurred. First, the proposed stalking horse purchase price has been reduced by more than 37% to $75 million. Second, a DPS representative has testified under oath that DPS had no role whatsoever in procuring the Stalking Horse Bid. Nevertheless, DPS and the Debtors continue to insist that a $1.35 million Insider Sale Fee is reasonable.

4. The Committee respectfully submits that, in light of these new developments, it is now even more clear that the proposed Insider Sale Fee falls far short of the requisite standards under Bankruptcy Code section 328(a) and should not be approved.

**OBJECTION**

5. DPS seeks to justify the $1.35 million Insider Sale Fee by reference to allegedly "comparable" transactions. See DPS Reply ¶ 13. DPS' entire analysis, however, is premised

upon the original stalking horse transaction value of $120 million and not the reduced $75 million proposed purchase price. The Committee's financial advisor, FTI Consulting, Inc., has prepared an updated analysis of DPS' allegedly "comparable" transactions based upon the reduced $75 million purchase price (the "FTI Analysis"). See Exhibit A. The Insider Sale Fee, together with DPS' proposed monthly fees, originally amounted to 1.13% of a $120 million transaction value, as compared to a median fee of 1.5% based on the DPS "comparables". The FTI Analysis shows that, with the revised $75 million proposed purchase price, the total DPS fee amounts to 1.8% of transaction value, compared to the median "comparable" fees of 1.5%.

6. More importantly, the FTI Analysis also shows that in each and every allegedly "comparable" transaction selected by DPS, the stalking horse purchase agreement was entered into well *after* the financial advisor was engaged. In other words, in all those transactions the financial advisor was being compensated for, among other things, its role in procuring a stalking horse bidder.

7. In the present situation, however, a DPS representative has testified under oath that DPS played no role whatsoever in procuring the Stalking Horse Bid. See Transcript[3] of Deposition of Joshua Benn at 7 (confirming that "Duff & Phelps [did not] have any role in securing Sun's agreement to serve as a stalking horse bidder"). The DPS representative also testified under oath that he was not aware of *any* instance in which a financial advisor was paid a back end or transaction fee in circumstances where the stalking horse purchaser prevailed without an auction, and the financial advisor played no role whatsoever in procuring that stalking horse bid. Id. at 17.

---

[3] The compressed version of the Transcript is attached hereto as Exhibit B.

8. The Debtors and DPS are asking this Court to approve an Insider Sale Fee that is above market, despite the extraordinary circumstance of DPS' admission that it had no role in procuring the stalking horse bid. There is, by DPS' own admission, no precedent for the payment of a transaction fee in such circumstances. The Committee respectfully submits that this Court should not set that precedent.

9. The Committee acknowledges that DPS is playing an important role on behalf of the Debtors in marketing the assets to potential bidders, and the Committee agrees that DPS should be compensated for that role. DPS should not, however, be paid a substantial Insider Sale Fee if it fails to procure any additional bids. Instead, DPS should be appropriately incentivized with a "sliding scale" transaction fee structure that is triggered upon the submission of any "qualifying bid" and that increases as the transaction value increases.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court (i) deny the DPS Application absent the modifications proposed herein and in the Limited Objection and (ii) grant the Committee such other relief as the Court deems just, equitable and proper.

Dated: November 18, 2011
      Wilmington, Delaware

Respectfully Submitted,

**BLANK ROME LLP**

By: /s/ *Stanley B. Tarr*
David W. Carickhoff (DE No. 3715)
Stanley B. Tarr (DE No. 5535)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: carickhoff@blankrome.com
Email: tarr@blankrome.com

– and –

Daniel H. Golden
Philip C. Dublin
Abid Qureshi
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
Telephone: (212) 872.1000
Facsimile: (212) 872.1002
Email: dgolden@akingump.com
Email: pdublin@akingump.com
Email: aqureshi@akingump.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*