IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMICUS WIND DOWN CORPORATION, *et al.*,[1] | ) Case No. 11-13167 (KG) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Related Docket No. 948** |
| | ) |

## NOTICE OF FILING OF THE LIQUIDATING TRUST AGREEMENT OF AMICUS WIND DOWN CORPORATION, *ET AL*.

On April 23, 2012, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 948] (the "Plan") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801.

Attached please find the *Liquidating Trust Agreement of Amicus Wind Down Corporation, et al.* (the "Liquidating Trust") as specified in the Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Amicus Wind Down Corporation f/k/a Friendly Ice Cream Corporation (3130); Amicus Restaurants Franchise Wind Down, LLC f/k/a Friendly's Restaurants Franchise, LLC (3693); Amicus Realty I Wind Down, LLC f/k/a Friendly's Realty I, LLC (2580); Amicus Realty II Wind Down, LLC f/k/a Friendly's Realty II, LLC (2581); and Amicus Realty III Wind Down, LLC f/k/a Friendly's Realty III, LLC (2583). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1855 Boston Road, Wilbraham, Massachusetts 01095.

Dated: May 15, 2012
       Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Kathleen P. Makowski (DE Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:       ljones@pszjlaw.com
              tcairns@pszjlaw.com
              kmakowski@pszjlaw.com

- and –

James A. Stempel (admitted *pro hac vice*)
Ross M. Kwasteniet (admitted *pro hac vice*)
Jeffrey D. Pawlitz (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:       james.stempel@kirkland.com
              ross.kwasteniet@kirkland.com
              jeffrey.pawlitz@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

DOCS_DE:180265.1 29386-001

## AMICUS WIND DOWN CORPORATION, *ET AL.*
## LIQUIDATING TRUST AGREEMENT

THIS LIQUIDATING TRUST AGREEMENT (the "Agreement"), dated as of this \_\_\_\_\_ day of _____, 2012, is entered into by and among Amicus Wind Down Corporation f/k/a Friendly Ice Cream Corporation; Amicus Restaurants Franchise Wind Down, LLC f/k/a Friendly's Restaurants Franchise, LLC; Amicus Realty I Wind Down, LLC f/k/a Friendly's Realty I, LLC; Amicus Realty II Wind Down, LLC f/k/a Friendly's Realty II, LLC; and Amicus Realty III Wind Down, LLC f/k/a Friendly's Realty III, LLC (collectively, the "Amicus Debtors"); and Freeze, LLC; Freeze Group Holding Corp.; Freeze Holdings, LP; and Freeze Operations Holding Corp. (collectively, the "Freeze Debtors" and, together with the Amicus Debtors, the "Debtors"), as settlors (the "Settlors"), Peter Kravitz of Solution Trust as Liquidating Trustee (the "Liquidating Trustee") and the Purchaser, solely for purposes of Article VII of this Agreement.

## RECITALS:

**WHEREAS**, on October 5 and 14, 2011, the Amicus Debtors and Freeze Debtors filed, respectively, voluntary petitions under chapter 11 of title 11 of the United States Code.  The Amicus Debtors are being jointly administered under Case No. 11-13167 and the Freeze Debtors under Case No. 11-13303, though the Plan is offered for confirmation in both the Amicus Debtors' and the Freeze Debtors' chapter 11 cases; and

**WHEREAS**, the *Debtors' First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, modified or supplemented, the "Plan"[1]) provides for the establishment of a liquidating trust (the "Liquidating Trust") for the primary purpose of administering and liquidating the Liquidating Trust Assets and the secondary purposes of (a) resolving all Disputed Priority Tax Claims, Disputed Class 1 Other Priority Claims, Disputed Class 2 Other Secured Claims, Disputed Class 5 General Unsecured Claims against the Amicus Debtors, and Disputed Class 7 PBGC General Unsecured Claims, (b) pursuing or otherwise litigating any Causes of Action (other than those released pursuant to the Plan or any prior settlement approved by the Bankruptcy Court), and (c) making all distributions provided for under the Plan and pursuant to this Agreement to the Holders of (i) Allowed Class 5 General Unsecured Claims against the Amicus Debtors and Allowed Class 7 PBGC General Unsecured Claims; and (ii) Allowed Priority Tax Claims, Allowed Class 1 Other Priority Claims, and Allowed Class 2 Other Secured Claims not yet paid as of the Effective Date or as part of the distributions provided for in Article IV.A of the Plan (such Holders collectively, the "Beneficiaries," and together with Classes 1, 2, 5 and 7, collectively, the "Beneficiary Classes"); and

**WHEREAS**, this Agreement is entered into in accordance with, and to facilitate the implementation and execution of, the Plan; and

**WHEREAS**, the Liquidating Trust is organized for the primary purposes described in Section 1.3 below; and

---

[1]    Except as otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Plan.

**WHEREAS**, the Liquidating Trustee's activities, powers and duties are those determined to be reasonably necessary to, and consistent with, accomplishment of these purposes; and

**WHEREAS**, under the terms of the Plan and the Confirmation Order, effective as of the Effective Date, the Estates shall transfer and shall be deemed to have irrevocably transferred to the Liquidating Trust, for and on behalf of the Beneficiaries, with no reversionary interest in the Debtors, the Liquidating Trust Assets (existing as of the Effective Date) and all rights and remedies of the Debtors that are expressly included in the Causes of Action; and

**WHEREAS**, under the terms of the Plan and the Confirmation Order, the Debtors shall transfer and shall be deemed to have irrevocably transferred to the Liquidating Trust, for and on behalf of the Beneficiaries, with no reversionary interest in the Debtors, the Liquidating Trust Assets, if any, that are received by the Debtors after the Effective Date; and

**WHEREAS**, the Liquidating Trust is established for the sole purpose of holding its assets, for the sole benefit of the Beneficiaries, in accordance with Treasury Regulation Section 301.7701-4(d), with no objective or authority to continue or engage in the conduct of a trade or business; and

**WHEREAS**, the Liquidating Trust is intended to qualify as a liquidating trust for federal income tax purposes, within the meaning of Treasury Regulations Section 301.7701-4(d) and to be exempt from the requirements of the Investment Company Act of 1940 pursuant to Sections 7(a) and 7(b) thereof; and

**WHEREAS**, on _____ , 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the Confirmation Order; and

**WHEREAS**, the Debtors are joining in the execution of this Agreement as of the Effective Date in accordance with the Plan;

**NOW, THEREFORE**, in consideration of the premises and agreements contained herein, the parties hereto agree as follows:

## ARTICLE I

### Establishment of Trust

**Section 1.1     Creation and Name**.  In accordance with the Plan, there is hereby created a trust which shall be known as the "Friendly's Liquidating Trust" (hereinafter, the "Liquidating Trust") and which is the trust created pursuant to Article III.B of the Plan.

**Section 1.2     Declaration of Trust**.  In consideration of the confirmation of the Plan under the Bankruptcy Code, the Debtors and the Liquidating Trustee have executed this Agreement and, effective on the Effective Date of the Plan, in accordance with Article III.B of the Plan and Bankruptcy Code section 1123(b)(3), the Estates are hereby deemed to have irrevocably assigned, transferred and conveyed to the Liquidating Trustee, and to the Liquidating Trustee's successors and assigns, all the right, title and interests of the Debtors and the Debtors' Estates in and to the Liquidating Trust Assets (whether existing as of the Effective Date or as of

a later date), with no reversionary interest whatsoever therein of the Debtors, to have and to hold unto the Liquidating Trustee and the Liquidating Trustee's successors and assigns forever, in trust nevertheless, under and subject to the terms and conditions of this Agreement and of the Plan, for the benefit of the Beneficiaries and their successors and assigns as permitted for under the Plan and this Agreement.  The use and distribution of the Liquidating Trust Assets to the Beneficiaries shall be made in accordance with this Agreement and the Plan.

Section 1.3    **Purposes of Trust.**  The Liquidating Trust shall be established solely for the purpose of holding and administering the Liquidating Trust Assets in accordance with Treasury Regulation Section 301.7701-4(d), all pursuant to the provisions of the Plan, with no objective to continue or engage in the conduct of a trade or business.  Accordingly, the Liquidating Trustee shall hold the Liquidating Trust Assets pursuant to the terms of this Agreement and the Plan (and shall not unreasonably prolong the duration of the Liquidating Trust) by engaging in the following activities: (a) resolving all Disputed Claims in the Beneficial Classes; (b) pursuing or otherwise litigating any Causes of Action that the Liquidating Trustee deems advisable, based on his reasonable business judgment, to pursue, other than those released under the Plan or pursuant to any prior settlement approved by the Bankruptcy Court; (c) making all required distributions to the Beneficiaries as provided for under the Plan; (d) establishing and administering any necessary reserves for Disputed Claims in the Beneficial Classes that may be required, all in accordance with the Plan and this Agreement; (e) establishing and administering the Senior Claims Reserve in accordance with the Plan and this Agreement; and (f) taking other actions as may be necessary to effectuate the foregoing.  The Liquidating Trust will not hold itself out as an investment company and will not conduct a trade or business.  At no time shall the Liquidating Trust control or operate the business of the Debtors or any assets of the Debtors other than the Liquidating Trust Assets.

Section 1.4    **Liquidating Trustee's Acceptance.**  The Liquidating Trustee accepts the trust imposed on the Liquidating Trustee by this Agreement and agrees to observe and perform that trust, on and subject to the terms and conditions set forth in this Agreement.  In connection with and in furtherance of the purposes of the Liquidating Trust, the Liquidating Trustee hereby expressly accepts the transfer of the Liquidating Trust Assets (whether transferred as of the Effective Date or a later date), subject to the provisions of the Plan and this Agreement.

## ARTICLE II

### Funding of the Liquidating Trust and Expenses

On the Effective Date, the Debtors will deposit with the Liquidating Trust the Liquidating Trust Assets available to the Debtors at that time.  To the extent that certain Liquidating Trust Assets become available at a later date, such Liquidating Trust Assets will be deposited with the Liquidating Trust within five (5) Business Days of the date that such Liquidating Trust Assets become available.  Except as otherwise ordered by the Bankruptcy Court, the Liquidating Trust Expenses shall be paid from the Liquidating Trust Assets without further order of the Bankruptcy Court; provided, however, that the reasonable fees, costs, and expenses of the Liquidating Trust, including, without limitation, (a) the compensation paid to and expenses incurred or as estimated by the Liquidating Trustee to be incurred by the Liquidating Trustee in the administration of the Liquidating Trustee's duties or as contemplated pursuant to this Agreement, (b) the fees and

3

expenses of the Liquidating Trustee's Professionals and (c) the fees and expenses of any other service providers, all as provided for in this Agreement (collectively, the "Liquidating Trust Expenses"), shall be subject to the procedures and review set forth in Section 6.6 of this Agreement.

## ARTICLE III

### Liquidation of Causes of Action and Intervention

**Section 3.1    Liquidation of Causes of Action.**  The Liquidating Trustee shall take such steps as the Liquidating Trustee deems necessary to investigate, pursue, litigate, settle, compromise, transfer, sell, dispose of and/or abandon all or any of the Causes of Action (other than those released or exculpated by the Plan or pursuant to any prior settlement approved by the Bankruptcy Court), to reduce the Causes of Action (other than those released or exculpated by the Plan or pursuant to any prior settlement approved by the Bankruptcy Court) to Cash proceeds and to make distributions of the Cash proceeds to the Beneficiaries as required under the Plan and this Agreement.

**Section 3.2    Intervention.**  On the Effective Date, and without having to obtain any further order of the Bankruptcy Court, the Liquidating Trustee is authorized to (a) intervene as plaintiff, movant or additional party, as appropriate, in any Causes of Action (whether asserted in actions, adversary proceedings, contested matters, avoidance actions or motions or otherwise which were filed prior to the Effective Date), where the subject matter of any such cause of action involves a Cause of Action, and (b) subject to the terms of the Plan, intervene or seek to be substituted in place of the Debtors' Estates in connection with the prosecution of any objections to Disputed Claims in the Beneficiary Classes.

## ARTICLE IV

### Distribution of Liquidating Trust Assets

**Section 4.1    Distribution of Liquidating Trust Assets to Beneficiaries**.

(a)    Distribution Dates.  On or as soon as reasonably practicable after the Effective Date (such date, the "Initial Distribution Date"), the Liquidating Trustee shall make initial distributions in accordance with the Plan and Section 4.1 of this Agreement.  During the first year after the Initial Distribution Date and subject to Section 4.4 below, unless otherwise ordered by the Bankruptcy Court, the Liquidating Trustee shall make subsequent distributions on (i) the first Business Day that is 120 days after the Initial Distribution Date and (ii) the first Business Day that occurs after each subsequent 120-day period (each, a "Periodic Distribution Date" and, together with the Initial Distribution Date, the "Distribution Dates").  After one year following the Initial Distribution Date, Periodic Distribution Dates will occur on the first Business Day that is 180 days after the immediately preceding Periodic Distribution Date.

(b)    Distributions to Beneficiaries.  On each applicable Distribution Date, the Liquidating Trustee will distribute the Liquidating Trust Assets that have been converted to Cash to each Beneficiary after payment of or reserve for the items described in Section 4.1(d) below.

4

The Liquidating Trustee shall distribute Liquidating Trust Assets that have been converted to Cash to the Beneficiaries in accordance with the Plan and this Agreement.

        (c)     <u>No Distributions with Regard to Freeze Debtors.</u>  Notwithstanding anything in this Agreement to the contrary, the Liquidating Trustee shall not be obligated to make any distributions of Liquidating Trust Assets on account of, and the Liquidating Trust shall not be obligated to pay, any (i) Claims against the Freeze Debtors or (ii) the U.S. Trustee Fees for the Freeze Debtors' Estates.

        (d)     <u>Required Deductions From Liquidating Trust Assets.</u>  Prior to distribution of any portion of the Liquidating Trust Assets to any Beneficiary, the Liquidating Trustee shall first (i) pay to any taxing authorities, as necessary, any taxes of the Liquidating Trust, (ii) pay to the Office of the United States Trustee the U.S. Trustee Fees incurred for the Amicus Debtors' Estates after the Effective Date, as may be required, (iii) pay to the Liquidating Trustee's Professionals, in accordance with Sections 6.4 and 6.6(b) hereof, for services rendered and expenses incurred; (iv) pay to the Liquidating Trustee, in accordance with Section 6.6(a) hereof, the Liquidating Trustee's compensation and reasonable and necessary expenses incurred in fulfilling the Liquidating Trustee's obligations set forth in the Plan and in this Agreement; (v) pay any additional expenses incurred in fulfilling the obligations of the Liquidating Trustee set forth in the Plan and in this Agreement and not specifically identified in this Section 4.1(d); (vi) establish the Senior Claims Reserve in accordance with Section 4.3 below; (vii) use reasonable best efforts to establish sufficient reserves for Disputed Claims in accordance with Section 4.2 below; and (viii) use reasonable best efforts to establish sufficient reserves for taxes, U.S. Trustee Fees related to the Amicus Debtors' Estates and Liquidating Trust Expenses that may be necessary to administer the Liquidating Trust until his termination (as estimated by the Liquidating Trustee).

    **Section 4.2    Distribution Reserve Account.**  On the Effective Date, the Liquidating Trustee shall establish and maintain one or more bank and/or other investment account(s) into which the Liquidating Trustee shall, in accordance with this Section 4.2 and Section 5.1 of this Agreement, deposit undeliverable and unclaimed distributions, and Liquidating Trust Assets that are not then distributable to a holder of a Disputed Claim but shall be held by the Liquidating Trustee pending a final determination as to allowance of such Disputed Claim (individually and collectively, the "<u>Distribution Reserve Account</u>"). The Liquidating Trustee shall deposit into the Distribution Reserve Account on each Distribution Date, pending resolution of Disputed Claims, that portion of Liquidating Trust Assets that would otherwise be distributable in accordance with the Plan in respect of such Disputed Claims, if such Disputed Claims had then constituted Allowed Claims entitled to receive Liquidating Trust Assets in accordance with the Plan. Distributions to Holders of Claims that were Disputed as of the Effective Date shall be made in accordance with Section 5.2 below.

    **Section 4.3    Senior Claims Reserve.**  On the Effective Date, the Liquidating Trustee shall establish and maintain one or more bank and/or other investment account(s) into which he shall, in accordance with this Section 4.3, deposit Cash in an amount (a) acceptable to the Debtors and the Committee or (b) approved by the Bankruptcy Court (the "<u>Senior Claims Reserve</u>"). The Senior Claims Reserve shall be maintained in trust for Holders of Allowed Priority Tax Claims, Allowed Class 1 Other Priority Claims, and Allowed Class 2 Other Secured

Claims not yet Allowed as of the Effective Date and not paid prior to the Effective Date or as part of the distributions provided for in Article IV.A of the Plan (collectively, the "Senior Claims"). Each Senior Claim shall be paid in full in Cash from funds held in the Senior Claims Reserve as soon as practicable after the date on which such Senior Claim becomes an Allowed Claim. Senior Claims shall be paid first from amounts in the Senior Claims Reserve and then from the other Liquidating Trust Assets only if no funds remain in the Senior Claims Reserve. When all Senior Claims have been paid in full, amounts remaining in the Senior Claims Reserve, if any, shall return to the other Liquidating Trust Assets and may be used by the Liquidating Trustee for the benefit of Holders of Allowed Class 5 General Unsecured Claims against the Amicus Debtors and Allowed Class 7 PBGC General Unsecured Claims, in accordance with this Agreement.

**Section 4.4    Time of Distributions**.

(a)    Distributions for Claims Allowed as of the Effective Date.    The Liquidating Trustee shall make the initial distribution to the Beneficiaries on a date determined by the Liquidating Trustee in accordance with Section 4.1(a) of this Agreement after sufficient Liquidating Trust Assets have been received and appropriate reserves have been established for, among other items, Disputed Claims in the Beneficiary Classes. The Liquidating Trustee shall make such other distributions to the Beneficiaries on such dates determined by the Liquidating Trustee in accordance with Section 4.1(a) of this Agreement; provided that (i) the Liquidating Trustee shall not distribute any Liquidating Trust Assets to any Beneficiaries prior to the earliest date on which the Beneficiary is entitled to receive such distributions in accordance with the Plan, and (ii) the Liquidating Trustee shall not be required to make any distribution to the Beneficiaries if the Liquidating Trust Assets available for distribution to the Beneficiaries are not sufficient, in the Liquidating Trustee's reasonable discretion, to justify incurring the Liquidating Trust Expenses necessarily associated with making distribution of monies.

(b)    Distributions on Account of Claims Allowed After the Effective Date. Except as otherwise provided in a Final Order or as agreed to by the relevant parties, distributions to Beneficiaries on account of Disputed Claims that become Allowed (in whole or in part, as applicable) after the Effective Date shall be made on the Periodic Distribution Date that is at least 30 days after all or part of the Disputed Claim becomes an Allowed Claim.

**Section 4.5    Delivery of Distributions**.

(a)    Distribution Record Date. As of the close of business on the date of entry of the Confirmation Order (the "Distribution Record Date"), the Claims register shall be closed, and there shall be no further changes as to the record holder of any Claim. The Liquidating Trustee (or any entity chosen to make or facilitate Distributions pursuant to the Plan and this Agreement, the "Disbursing Agent") shall not have any obligation to recognize any transfer of any Claim occurring after the Distribution Record Date, and shall instead be authorized and entitled to recognize and deal for all purposes under the Plan and this Agreement with only those record holders stated on the Claims register as of the close of business on the Distribution Record Date; provided, however, the Liquidating Trustee may choose, in his sole discretion, to recognize a transfer of any Claim upon presentation of appropriate and acceptable documentation.

(b)    <u>Distributions of Cash</u>. Distributions to Beneficiaries may be made by either check drawn on a domestic bank or wire transfer. Checks issued by the Disbursing Agent to any Beneficiary shall be null and void if not negotiated within 120 days after the date of issuance thereof. Requests for reissuance of any check shall be made directly to the Liquidating Trustee or the Disbursing Agent by the Beneficiary to whom such check originally was issued, and the Liquidating Trustee may require supporting documents as evidence of the Beneficiary's right to such check. Any Claim with respect to such a voided check shall be made on or before 180 days after the date of issuance of such check. After such date, all Claims in respect of void checks shall be discharged and forever barred.

(c)    <u>De Minimis Distributions</u>. The Disbursing Agent shall not be required to make any interim distributions in an amount less than $100.00 (<u>provided</u> that any such payments shall be withheld until final distribution under the Plan). Notwithstanding anything herein to the contrary, the Disbursing Agent shall not be required to make any final distributions in an amount less than $25.00. In the event there are funds remaining after final distributions, the Liquidating Trustee is authorized to donate any such remaining funds to a recognized tax-exempt charity pursuant to Article IX of this Agreement.

(d)    <u>Fractional Dollars</u>. Notwithstanding anything to the contrary contained in this Agreement, the Disbursing Agent shall not be required to make distributions or payments of fractions of dollars. Whenever any payment of a fraction of a dollar under the Plan or this Agreement would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars or less being rounded down.

(e)    <u>Provision of Tax Identification Number.</u> If the Liquidating Trustee requests a tax identification number of any Beneficiary by certified mail and (i) does not receive a response to such request within sixty (60) days, sends a second request by certified mail and again receives no response within sixty (60) days or (ii) the request is returned to the Liquidating Trustee as undeliverable and the Liquidating Trustee is unable to determine a correct address after reasonable efforts, then no further distributions shall be made to such Beneficiary unless the Liquidating Trustee is notified in writing within six months after the date that the initial request was sent of such Beneficiary's tax identification number (subject to the Liquidating Trustee's right to require supporting documents evidencing that the tax identification number is that of the rightful Beneficiary), in which case all currently due missed distributions shall be made to such Beneficiary on the next Periodic Distribution Date, and shall not be supplemented with any interest, dividends or other accruals of any kind. If the Liquidating Trustee does not receive notice of a Beneficiary's tax identification number within six months after the date of the initial request for a tax identification number, then all distributions to the Beneficiary that has not provided a tax identification number shall be treated as unclaimed property in accordance with Section 4.5(g) below.

(f)    <u>Undeliverable Distributions</u>. If any distribution to a Beneficiary is returned to the Disbursing Agent as undeliverable and the Liquidating Trustee is unable to determine a correct address after reasonable efforts, no further distributions shall be made to such Beneficiary unless the Liquidating Trustee is notified in writing within six months after the date that the undeliverable distribution is sent of such Beneficiary's then-current address (subject to the Liquidating Trustee's right to require supporting documents evidencing that the request is

made by the rightful Beneficiary), in which case all currently due missed distributions shall be made to such Beneficiary on the next Periodic Distribution Date, and shall not be supplemented with any interest, dividends or other accruals of any kind. If the Disbursing Agent does not receive notice of a Beneficiary's current address within six months after the date of distribution of an undeliverable check, then all undeliverable distributions shall be treated as unclaimed property in accordance with Section 4.5(g) below.

(g)     Unclaimed Distributions.     All distributions to Beneficiaries that are unclaimed for a period of six months after distribution thereof shall be deemed unclaimed property under Bankruptcy Code section 347(b) and shall revest in the Liquidating Trust. Upon such revesting, the Claim of any Beneficiary or its successors with respect to such property shall be cancelled, discharged and forever barred notwithstanding any applicable federal or state escheat, abandoned or unclaimed property laws to the contrary, and the Disbursing Agent shall not be required to make distributions on account of any such Claims.

## ARTICLE V

### Disputed Claims

**Section 5.1     Deposit into Reserve.** Distributions of proceeds of Liquidating Trust Assets with respect to Disputed Claims shall be deposited into the Distribution Reserve Account as set forth in Section 4.2 of this Agreement. The amount deposited shall be determined by the Liquidating Trustee. The Liquidating Trustee may invest any Cash that is withheld in the Distribution Reserve Account in accordance with Section 6.10 of this Agreement. Notwithstanding any such investment and the addition to Liquidating Trust Assets of any income earned in respect thereof, in the event such Claim ultimately becomes an Allowed Claim, nothing in this Agreement shall be deemed to entitle the holder of a Disputed Claim to postpetition or post-Effective Date interest on such Claim.

**Section 5.2     Distributions After Allowance.**

(a)     On the first Distribution Date that is at least 30 days after all or part of a Disputed Claim becomes an Allowed Claim, the Disbursing Agent will (1) distribute to the holder of such Allowed Claim any property in the Distribution Reserve Account that would have been distributed to such Beneficiary on the Distribution Dates on which distributions previously were made to Beneficiaries if the Allowed Claim in issue had been an Allowed Claim (in whole or in part, as applicable) on such earlier Distribution Dates; and (2) distribute any remaining property held in the Distribution Reserve Account on account of any resolved Disputed Claim in accordance with the Plan and this Agreement.

(b)     After a Final Order has been entered, or other final resolution has been reached with respect to all Disputed Claims, any remaining property held in the Distribution Reserve Account will return to Liquidating Trust Assets and be distributed in accordance with the Plan and this Agreement.

**Section 5.3     No Partial Distributions.** Except as otherwise agreed by the relevant parties, the Liquidating Trustee shall not be required to (a) make any partial payments or partial

distributions on account of a Disputed Claim until all such disputes in connection with such Disputed Claim have been resolved by settlement or Final Order or (b) make any distributions on account of an Allowed Claim of any Beneficiary that holds both an Allowed Claim and a Disputed Claim, unless and until all objections to the Disputed Claim have been resolved by settlement or Final Order.

Section 5.4    **Pending Causes of Action**.    Notwithstanding anything to the contrary contained in the Plan or in this Agreement, the Liquidating Trustee shall not pay any distribution to any current or prospective defendant in a Cause of Action that has or may have any liability to the Liquidating Trust with respect to a Cause of Action, which distribution may be paid, if at all, only after the Beneficiary of such Claim has discharged its liability to the Liquidating Trustee on account of such Cause of Action, by settlement or otherwise.

## ARTICLE VI

### General Powers, Rights and Obligations of the Liquidating Trustee

Section 6.1    **Appointment of Liquidating Trustee**.    Pursuant to Article I of the Plan, the Committee, with the reasonable consent of the Debtors, has appointed Peter Kravitz of Solution Trust as the Liquidating Trustee and the Liquidating Trustee shall become the Liquidating Trustee on the Effective Date.

Section 6.2    **Legal Title**.    The Liquidating Trustee shall hold legal title to all Liquidating Trust Assets except that the Liquidating Trustee may cause legal title or evidence of title to any of the Liquidating Trust Assets to be held by any nominee or person, on such terms, in such manner and with such power as the Liquidating Trustee may determine advisable.

Section 6.3    **General Powers**.

(a)    Except as otherwise provided in the Plan or this Agreement, but without prior or further authorization, the Liquidating Trustee may control and exercise authority over the Liquidating Trust Assets, over the acquisition, management and disposition thereof and over the management and conduct of the affairs of the Liquidating Trust to the same extent as if the Liquidating Trustee were the sole owner of the Liquidating Trust Assets in the Liquidating Trustee's own right; provided, however, that such control and authority over the Liquidating Trust Assets shall be subject to the requirements set forth in Section 6.3(b) below.    The Liquidating Trustee shall execute all agreements and other documents with the signature "as Liquidating Trustee."

(b)    In connection with the management and use of the Liquidating Trust Assets and except as otherwise expressly limited in this Agreement, the Plan, or the Confirmation Order, the Liquidating Trustee shall have, in addition to any powers conferred on the Liquidating Trustee by any other provision of this Agreement, Bankruptcy Code sections 704 and 1106 (with the benefit of periods of limitation applicable to a Liquidating Trustee in bankruptcy) or Rule 2004 of the Bankruptcy Rules, the power to take any and all actions as are necessary or advisable to effectuate the purposes of the Liquidating Trust, including, without limitation, the power and authority:

(i)    to effect all actions and execute all agreements, instruments and other documents necessary to implement the provisions of the Plan as it relates to the Liquidating Trust Assets and this Agreement;

(ii)    to accept the Liquidating Trust Assets transferred and provided to the Liquidating Trust under this Agreement and the Plan;

(iii)    to hold the Liquidating Trust Assets for the benefit of the Beneficiaries, whether their Claims are Allowed on or after the Effective Date;

(iv)    in the Liquidating Trustee's reasonable business judgment, to investigate, prosecute, settle, sell and/or abandon rights, causes of action, or litigation of the Liquidating Trust, including, without limitation, Causes of Action, on such terms and for such consideration as the Liquidating Trustee deems desirable or appropriate;

(v)    to monitor and enforce the implementation of the Plan as it relates to the Liquidating Trust Assets;

(vi)    to file all tax and regulatory forms, returns, reports and other documents required with respect to the Liquidating Trust;

(vii)    in the Liquidating Trustee's reasonable business judgment, to object to Disputed Claims and manage, control, prosecute, settle, compromise, withdraw or resolve, in any manner on behalf of the Liquidating Trust, objections to Disputed Claims on account of which the Liquidating Trustee will be responsible (if Allowed) for making distributions under the Plan and this Agreement;

(viii)    to distribute Liquidating Trust Assets to Beneficiaries in accordance with the terms of the Plan and this Agreement;

(ix)    to hold, manage, and distribute Cash or non-Cash Liquidating Trust Assets obtained through the exercise of his power and authority as long as such management is consistent with the Liquidating Trust's status as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and which actions are merely incidental to its liquidation and dissolution;

(x)    establish and administer any necessary reserves for Disputed Claims that may be required with regard to the Agreement;

(xi)    in the Liquidating Trustee's reasonable business judgment, object to the Disputed Claims and prosecute, settle, compromise, withdraw or resolve in any manner, in accordance with this Agreement, any litigations or proceedings related to the Liquidating Trust Assets;

(xii)    to act as a signatory to the Debtors for all purposes relating to the Liquidating Trust Assets, including those associated with the novation of contracts and, for the avoidance of doubt, subject to the final sentence of Section 1.3 of this Agreement;

(xiii)   to endorse the payment of notes or other obligations of any Person or to make contracts with respect thereto in each case relating to the Liquidating Trust Assets;

(xiv)   employ and compensate Professionals and other agents, provided, however, that any such compensation shall be made only out of the Liquidating Trust Assets;

(xv)   to engage in all acts that would constitute ordinary course of business in performing the obligations of a trustee under a trust of this type;

(xvi)   to remove all or any of the Liquidating Trust Assets or the situs of administration of the Liquidating Trust from one jurisdiction to another jurisdiction at any time or from time to time;

(xvii)   in connection with any property held under this Agreement that is distributable or payable to a minor, to transfer and pay over all or any portion of the property to the minor, or to a guardian of the minor's property, whenever appointed, without requiring ancillary guardianship, or to the minor's parent or the person with whom the minor resides, or to any custodian under any Uniform Gifts to Minors Act or Uniform Transfer to Minor Act with power to select any person or trust company (including any fiduciary hereunder) to be such custodian and with power to extend such custodianship to age twenty-one (21) years, without any obligation to see to the use or application of the property or to make inquiry with respect to any other property available for the use of the minor, the receipt by such minor, guardian, parent, person or custodian to be a complete discharge as to such transfer or payment;

(xviii)   subject to the releases, exculpation and permanent injunction provisions of the Plan, to sue and be sued and participate, as a party or otherwise, in any judicial, administrative, arbitration or other proceeding;

(xix)   to request any appropriate tax determination, including, without limitation, a determination pursuant to Bankruptcy Code section 505;

(xx)   to take any and all necessary actions as he shall deem appropriate to have the Liquidating Trust classified as a partnership for federal tax purposes under Treasury Regulations Section 301.7701-3 (but not a publicly traded partnership under section 7704 of the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code")), including, if necessary, creating or converting it into a Delaware limited liability partnership or limited liability company that is so qualified;

(xxi)   to purchase insurance indemnifying the Liquidating Trustee and to indemnify (and purchase insurance indemnifying) the employees, agents and representatives of the Liquidating Trust or the Liquidating Trustee (including, without limitation, the Liquidating Trustee's Professionals), to the fullest extent that a corporation organized under the laws of the State of Delaware is from time to time entitled to indemnify its directors, officers, employees, agents and representatives;

(xxii)   to delegate any or all of the discretionary power and authority herein conferred at any time with respect to all or any portion of the Liquidating Trust to any one or more reputable individuals or to recognized institutional advisors or investment managers, in

each case without liability for any action taken or omission made because of such delegation, except for such liability as is expressly provided for in this Agreement;

> (xxiii)  to file periodic reports with the Bankruptcy Court; and

> (xxiv)  to file appropriate pleadings with the Bankruptcy Court requesting entry of an order concluding or closing the Chapter 11 Cases.

(c)     The Liquidating Trustee shall not at any time, on behalf of the Liquidating Trust or any Beneficiaries, enter into or engage in any trade or business, and the Liquidating Trustee shall not use or dispose of any part of the Liquidating Trust Assets in furtherance of any trade or business.

**Section 6.4     Retention of Attorneys, Accountants and Other Professionals**.  The Liquidating Trustee may retain professionals (the "Professionals") to aid the Liquidating Trustee in the performance of his responsibilities pursuant to the terms of the Plan and this Agreement. The Professionals retained by the Liquidating Trustee may include, but are not limited to:

(a)     law firm(s) as the Liquidating Trustee may deem advisable to aid the Liquidating Trustee in the performance of his duties and to perform such other functions as may be appropriate to carry out the purposes of the Liquidating Trust.  The Liquidating Trustee may commit the Liquidating Trust to and shall pay such law firm(s) reasonable compensation from the Liquidating Trust Assets for services rendered and expenses incurred, which expenses may include, without limitation, the fees and expenses of Persons retained by such law firm(s) to perform any services or otherwise assist in connection with the prosecution of Causes of Action, including, without limitation, expert witnesses and consultants.  The Liquidating Trustee may also engage such law firm(s) on a contingent fee basis as permitted by applicable law;

(b)     An independent public accounting firm to, if necessary, audit the financial books and records of the Liquidating Trust, to prepare and file all federal, state and local tax returns and related tax forms on behalf of the Liquidating Trust that the Liquidating Trustee is obligated to prepare, provide and file any reports pursuant to Section 6.12 below, and to perform such other reviews and/or audits as the Liquidating Trustee may deem advisable to carry out the primary purposes of the Liquidating Trust.  The Liquidating Trustee may commit the Liquidating Trust to and shall pay such accounting firm reasonable compensation from the Liquidating Trust Assets for services rendered and expenses incurred; and

(c)     Such other accountants, experts, advisors, consultants, investigators, appraisers, auctioneers or other professionals as are advisable to carry out the purposes of the Liquidating Trust.  The Liquidating Trustee may commit the Liquidating Trust to and shall pay all such Persons reasonable compensation from the Liquidating Trust Assets for services rendered and expenses incurred.

**Section 6.5     Co-Liquidating Trustees or Separate Liquidating Trustees**.  In order (and only to the extent necessary) to meet any legal requirements of any jurisdiction in which any of the Liquidating Trust Assets may from time to time be located, the Liquidating Trustee shall have the power to appoint one or more Persons either to act as co-trustee(s) jointly with the Liquidating Trustee of all or any part of the Liquidating Trust Assets or to act as separate

trustee(s) of all or any part of the Liquidating Trust Assets and to vest in such Person or Persons, in such capacity, such title to the Liquidating Trust Assets or any part thereof, and such rights, powers, duties, trusts or obligations as the Liquidating Trustee determines may be necessary for the Liquidating Trustee to perform his duties under this Agreement.

**Section 6.6     Compensation of Liquidating Trustee and His Professionals.**

(a)     The Liquidating Trustee (and any co-trustee(s) that may be appointed pursuant to Section 6.5 above) shall be authorized to receive payment of reasonable compensation for services rendered and expenses incurred in fulfilling his duties pursuant to this Agreement, including, without limitation, any necessary services rendered and expenses incurred prior to the date that this Agreement becomes effective.  The compensation and reimbursement of expenses of the Liquidating Trustee shall be as set forth on Exhibit 1 hereto and paid out of the Liquidating Trust Assets.

(b)     On or before the last day of each month following the month for which compensation is sought, each Professional seeking compensation shall serve a monthly statement on the Liquidating Trustee; _provided, however,_ that failure of any Professional to serve a monthly statement on the Liquidating Trustee for any one or more months shall not waive or impair the right of such Professionals to subsequently seek compensation for all or any number of such months in a later statement delivered to the Liquidating Trustee.  The Liquidating Trustee will have ten (10) days from the date such statement is received to review the statement and object to such statement by serving a written objection on the Professional setting forth the precise nature of the objection and the amount at issue.  At the expiration of the ten (10) day period, the Liquidating Trustee shall promptly pay out of the Liquidating Trust Assets 100% of the amounts requested, except for the portion of such fees and disbursements to which an objection has been made in accordance with this Section 6.6(b).  The parties shall attempt to consensually resolve objections, if any, to any monthly statement.  If the parties are unable to reach a consensual resolution of any such objection, the party which received an objection to its fees and/or disbursements may seek payment of such fees and/or disbursements by filing a motion with the Bankruptcy Court on proper notice to the Liquidating Trustee and his counsel.

**Section 6.7     Standard of Care; Indemnification; Exculpation.**   The Liquidating Trustee shall perform the duties and obligations imposed on the Liquidating Trustee by this Agreement with reasonable diligence and care under the circumstances. The Liquidating Trustee shall not be personally liable to the Liquidating Trust, to any Beneficiary or any other Person (or any predecessor or successor thereto) for any reason whatsoever, except for such of his own acts as shall constitute willful misconduct, gross negligence, willful disregard of the Liquidating Trustee's duties or material breach of this Agreement.  Except as aforesaid, the Liquidating Trustee shall be defended, held harmless and indemnified from time to time, but solely from the Liquidating Trust Assets, against any and all losses, claims, costs, expenses and liabilities to which the Liquidating Trustee may be subject by reason of the Liquidating Trustee's execution in good faith of the Liquidating Trustee's duties under this Agreement.  The Liquidating Trustee's officers, employees, agents, if any (including, without limitation, the Liquidating Trustee's Professionals) and any co-trustee(s) appointed pursuant to Section 6.5 above, may be likewise defended, held harmless and indemnified.  Without limiting the generality of the foregoing, the Liquidating Trustee shall have no liability to any Beneficiary on account of the

Liquidating Trustee's investment or non-investment of any Liquidating Trust Assets or any losses with respect to any such investments of Liquidating Trust Assets, provided that such investments are made, or the Liquidating Trustee's decision not to invest any Liquidating Trust Assets in any case is made, in accordance with the terms of this Agreement. The Liquidating Trustee shall not be obligated to give any bond or surety or other security for the performance of any of his duties, unless otherwise ordered by the Bankruptcy Court and, if so ordered, all costs and expenses of procuring any such bond shall be deemed Liquidating Trust Expenses.

**Section 6.8    Reliance by Liquidating Trustee.** The Liquidating Trustee may rely, and shall be fully protected personally in acting upon any resolution, statement, certificate, instrument, opinion, report, notice, request, consent, order or other instrument or document that the Liquidating Trustee has no reasonable belief to be other than genuine and to have been signed or presented other than by the proper party or parties or, in the case of facsimile transmissions, to have been sent other than by the proper party or parties, in each case without obligation to satisfy himself that the same was given in good faith and without responsibility for errors in delivery, transmission or receipt. In the absence of the Liquidating Trustee's willful misconduct, gross negligence, willful disregard of the Liquidating Trustee's duties or material breach of this Agreement, the Liquidating Trustee may rely as to the truth of statements and correctness of the facts and opinions expressed therein and shall be fully protected personally in acting thereon. The Liquidating Trustee may consult with legal counsel and shall be fully protected in respect of any action taken or suffered by the Liquidating Trustee in accordance with the opinion of legal counsel (whether or not written). The Liquidating Trustee may at any time seek instructions from the Bankruptcy Court concerning the acquisition, management or disposition of the Liquidating Trust Assets.

**Section 6.9    Action Upon Instructions.** If, in performing his duties under this Agreement, the Liquidating Trustee believes that a court order is necessary or advisable to protect the interests of the Beneficiaries or to otherwise determine the Liquidating Trustee's rights or duties in any respect under this Agreement, the Liquidating Trustee may apply to the Bankruptcy Court for a determination as to the course of action to be taken by the Liquidating Trustee.

**Section 6.10    Investment Obligations.** The Liquidating Trustee shall invest and reinvest the liquid Liquidating Trust Assets consistent with the obligations of a trustee under Bankruptcy Code section 345. The Liquidating Trustee shall not be liable in any way for any loss or other liability arising from any investment, or the sale or other disposition of any investment, made in accordance with this Section 6.10, except for any such loss or liability arising from the Liquidating Trustee's gross negligence, willful misconduct or willful disregard of the Liquidating Trustee's duties.

**Section 6.11    Reports.** The Liquidating Trustee shall file quarterly reports with the Bankruptcy Court in accordance with the Plan or as otherwise ordered by the Bankruptcy Court and, upon concluding all activities of the Liquidating Trust, a final report listing all distributions, payments or disposition of the Liquidating Trust Assets, including amounts paid to Professionals retained by the Liquidating Trustee.

Section 6.12  **Compliance with Securities Laws.**  Under Bankruptcy Code section 1145, the issuance of interests in a liquidating trust pursuant to a chapter 11 plan is exempt from registration under the Securities Act of 1933, as amended, and applicable state and local laws requiring registration or qualification of securities.  If the Liquidating Trustee determines, with the advice of counsel, that the Liquidating Trust is required to comply with the reporting requirements of the Securities Exchange Act of 1934, as amended, or the Investment Company Act of 1940, as amended, then the Liquidating Trustee shall take any and all actions to comply with such reporting requirements and file periodic, current and other reports in compliance therewith with the Securities and Exchange Commission.

Section 6.13  **Timely Performance.**  The Liquidating Trustee will make continuing efforts to, among other things, assert, prosecute, settle, compromise, withdraw or resolve objections to Disputed Claims in the Beneficiary Classes; pursue, settle, or abandon Causes of Action (other than those released or exculpated by the Plan or pursuant to any prior settlement approved by the Bankruptcy Court); make all required Distributions to the Beneficiaries provided for under the Plan; and not unduly prolong the duration of the Liquidating Trust.

Section 6.14  **Resignation or Death.**  The Liquidating Trustee may resign as Liquidating Trustee by giving written notice of his resignation to the Bankruptcy Court.  The Liquidating Trustee shall continue to serve as trustee for the shorter of: (a) 90 days following the tender of the notice of resignation; and (b) until the appointment of a successor Liquidating Trustee.  In the event of such resignation or the Liquidating Trustee's death, the Bankruptcy Court shall appoint a successor Liquidating Trustee.

## ARTICLE VII

### Cooperation by the Purchaser

The Purchaser shall provide to the Liquidating Trustee reasonable access during normal business hours, upon reasonable notice, to the Debtors' books and records to enable the Liquidating Trustee to perform the Liquidating Trustee's tasks and duties under this Agreement and the Plan, provided that the Liquidating Trustee executes a confidentiality agreement reasonably acceptable to the Purchaser.  Upon the reasonable request of the Liquidating Trustee, the Purchaser shall permit the Liquidating Trustee reasonable access to information and personnel that is related to the Debtors' businesses and reasonably necessary to perform the Liquidating Trustee's tasks and duties under this Agreement and the Plan, to the extent such information and personnel is available to the Purchaser.  The Liquidating Trust shall reimburse the Purchaser for any out of pocket costs and expenses (including reimbursement for professional fees) incurred in connection with fulfilling the obligations set forth in this Article VII. The Bankruptcy Court shall retain jurisdiction to determine the reasonableness of a request for cooperation, access or assistance.  Notwithstanding anything herein to the contrary, the Purchaser shall have no obligation to provide access to any books and records or other information to the extent that it would require the Purchaser to disclose information subject to attorney-client privilege or that conflicts with any confidentiality obligations to which the Purchaser is bound.

## ARTICLE VIII

### Retention of Jurisdiction

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, pursuant to the Plan and Confirmation Order, except as otherwise set forth in the Plan, in the Confirmation Order and herein, the Bankruptcy Court shall retain such jurisdiction over all matters arising out of or related to the Chapter 11 Cases and the Plan pursuant to Bankruptcy Code sections 105(a) and 1142 to the fullest extent legally permissible, including but not limited to jurisdiction to:

(a) allow, disallow, determine, liquidate, classify or estimate Claims in the Beneficiary Classes;

(b) ensure that distributions to Beneficiaries are accomplished pursuant to the provisions of the Plan;

(c) adjudicate any and all disputes arising from or relating to distributions to Beneficiaries under the Plan;

(d) adjudicate, decide or resolve any and all matters relating to Causes of Action by or on behalf of the Liquidating Trustee; and

(e) adjudicate, decide or resolve any disputes arising in connection with the interpretation, implementation or enforcement of the Liquidating Trust, this Agreement or actions involving the Liquidating Trustee.

## ARTICLE IX

### Termination

The Liquidating Trust shall continue for a term terminating upon the occurrence of the earliest of the following events:  (a) all of the Liquidating Trust Assets have been distributed pursuant to the Plan and this Agreement, (b) the Liquidating Trustee determines, in his sole discretion, that the administration of any remaining Liquidating Trust Assets or Causes of Action are not likely to yield sufficient additional proceeds to justify further pursuit, or (c) all distributions required to be made by the Liquidating Trustee under the Plan and the Liquidating Agreement have been made; provided, however, that in no event shall the Liquidating Trust be dissolved later than two (2) years from the Effective Date unless the Bankruptcy Court, upon motion within the six-month period prior to the second (2nd) anniversary of the Effective Date (or within the six-month period prior to the end of an extension period), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, without a favorable private letter ruling from the Internal Revenue Service (the "IRS") or an opinion of counsel satisfactory to the Liquidating Trustee that any further extension would not adversely affect the status of the Liquidating Trust as a liquidating trust for United States federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets.  If at any time the Liquidating Trustee determines, in reliance upon such Professionals as the Liquidating Trustee may retain, that the expense of administering the

Liquidating Trust so as to make a distribution to the Beneficiaries is likely to exceed the value of the Liquidating Trust Assets remaining in the Liquidating Trust, the Liquidating Trustee may apply to the Bankruptcy Court for authority to (x) reserve any amount necessary to dissolve the Liquidating Trust, (y) donate any balance to a charitable organization described in Internal Revenue Code section 501(c)(3), and (z) dissolve the Liquidating Trust. Notwithstanding the foregoing, after the termination of the Liquidating Trust, the Liquidating Trustee shall have the power to exercise all the powers, authorities and discretions herein conferred solely for the purpose of winding up the affairs of the Liquidating Trust. The Liquidating Trustee shall retain the books, records and files that shall have been delivered to or created by the Liquidating Trustee. At the Liquidating Trustee's discretion, all of such records and documents may be destroyed at any time after two (2) years from the date of termination of the Liquidating Trust.

## ARTICLE X

### Tax Matters

### Section 10.1    Tax Treatment

(a)    The Liquidating Trust is intended to qualify as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a), with no objective to continue or engage in the conduct of a trade or business. In the event the Liquidating Trust shall fail or cease to qualify as a liquidating trust in accordance with Treasury Regulations Section 301.7701-4(d), the parties to this Agreement intend that the Liquidating Trustee take such action as he shall deem appropriate to have the Liquidating Trust classified as a partnership for federal tax purposes under Treasury Regulations Section 301.7701-3 (but not a publicly traded partnership under Internal Revenue Code Section 7704), including, if necessary, creating or converting it into a Delaware limited liability partnership or limited liability company.

(b)    For all United States federal income tax purposes, all parties (including, without limitation, the Debtors, the Liquidating Trustee, and the Beneficiaries) shall treat the transfer of the Liquidating Trust Assets to the Liquidating Trust as (1) a transfer by each Debtor of the Liquidating Trust Assets (subject to any obligations relating to those assets) directly to the Beneficiaries in full satisfaction of the Beneficiaries' claims against the Debtors and, to the extent Liquidating Trust Assets are allocable to Disputed Claims, to the Distribution Reserve Account, followed by (2) the transfer by such Beneficiaries to the Liquidating Trust of the Liquidating Trust Assets (other than the Liquidating Trust Assets allocable to the Distribution Reserve Account) in exchange for interests in the Liquidating Trust. Accordingly, the Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Liquidating Trust Assets (other than such Liquidating Trust Assets as are allocable to the Distribution Reserve Account). The foregoing treatment shall also apply, to the extent permitted by applicable law, for all state, provincial, territorial and local income tax purposes.

**Section 10.2    Tax Reporting**

   (i)  The Liquidating Trustee shall prepare and provide to, or file with, the appropriate taxing authorities and other parties such notices, tax returns and other filings, including all federal, state and local tax returns for the Liquidating Trust, as may be required under the Internal Revenue Code, the Plan, or as may be required by applicable law of other jurisdictions including, if required under applicable law, notices required to report interest or dividend income ("Tax Reports"). The Liquidating Trustee shall treat the Liquidating Trust as a grantor trust for United States federal income tax purposes pursuant to Treasury Regulation section 1.671-4(a) and in accordance with the Plan. The Liquidating Trustee also will annually send to each holder of a Liquidating Trust Interest a separate statement regarding the receipts and expenditures of the Liquidating Trust as relevant for all U.S. federal income tax purposes and will instruct all such holders to use such information in preparing their U.S. federal income tax returns or to forward the appropriate information to such holder's underlying beneficial holders with instructions to utilize such information in preparing their U.S. federal income tax returns. If additional tax information is provided at the specific request of a Beneficiary (and not as required by applicable law), then such Beneficiary shall pay a reasonable fee to the Liquidating Trustee, in an amount to be then determined by the Liquidating Trustee, together with all costs and expenses incurred by the Liquidating Trustee in providing such tax information to such Beneficiary. The Liquidating Trustee shall also file (or cause to be filed) any other statement, return or disclosure relating to the Liquidating Trust that is required by any governmental units in the United States and elsewhere.

   (ii)  In connection with the Liquidating Trustee's performance of his duties pursuant to this Section 10.2, the Liquidating Trustee may require any Beneficiary to furnish to the Liquidating Trustee its employer or taxpayer identification number as assigned by the Internal Revenue Service, together with such other information, returns or forms as the Liquidating Trustee may determine are required, and the Liquidating Trustee may condition any distribution of Liquidating Trust Assets to any Beneficiary upon such receipt of such identification number, any other information and returns and forms as are required for the Liquidating Trustee to comply with Internal Revenue Service requirements.

   (iii)  The Liquidating Trustee will in good faith value all other Liquidating Trust Assets, and shall make all such values available from time to time, to the extent relevant, and such values shall be used consistently by all parties to the Liquidating Trust (including, without limitation, the Debtors, the Liquidating Trustee, and the Beneficiaries) for all United States and Canadian federal income tax purposes.

   (iv)  Allocations of Liquidating Trust taxable income among the Beneficiaries (other than taxable income allocable to the Distribution Reserve Account) shall be determined by reference to the manner in which an amount of cash representing such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed distribution, the Liquidating Trust had distributed all of the Liquidating Trust Assets (valued at their tax book value, and other than assets allocable to the Distribution Reserve Account) to the holders of the interests in the Liquidating Trust, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Liquidating Trust. Similarly, taxable loss of the Liquidating Trust shall be allocated by

reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining Liquidating Trust Assets. The tax book value of the Liquidating Trust Assets for purpose of this paragraph shall equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the Internal Revenue Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

(v)    Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidating Trustee), the Liquidating Trustee shall (a) timely elect to treat any Distribution Reserve Account as a "disputed ownership fund" governed by Treasury Regulation section 1.468B-9, and (b) to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes. All parties (including the Liquidating Trustee, the Debtors, and the Beneficiaries) shall report for United States federal, state and local income tax purposes consistently with the foregoing.

(vi)    The Liquidating Trustee shall be responsible for payment, out of the Liquidating Trust Assets, of any United States, local, or foreign taxes imposed on the Liquidating Trust or the Liquidating Trust Assets, including the Distribution Reserve Account. In the event, and to the extent, Cash retained on account of Disputed Claims in the Distribution Reserve Account is insufficient to pay the portion of any such United States, local, or foreign taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such United States, local, or foreign taxes shall be (a) reimbursed from any subsequent Cash amounts retained on account of Disputed Claims, or (b) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts otherwise distributable by the Liquidating Trustee as a result of the resolution of such Disputed Claims.

(vii)    The Liquidating Trustee may request an expedited determination of taxes of the Liquidating Trust, including the Distribution Reserve Account, or the Debtors under Bankruptcy Code section 505(b) for all tax returns filed for, or on behalf of, the Liquidating Trust or the Debtors for all taxable periods through the dissolution of the Liquidating Trust.

**Section 10.3    Compliance with Tax Withholding Requirements**. In connection with making distributions under the Plan and this Agreement, the Liquidating Trustee shall comply with all tax withholding and reporting requirements imposed on him by any governmental unit, and all distributions pursuant to the Plan and this Agreement shall be subject to such withholding and reporting requirements. Any property so withheld will then be paid by the Liquidating Trust to the appropriate authority. The Liquidating Trustee may withhold the entire distribution due any Beneficiary until such time as such Beneficiary provides the necessary information to comply with any withholding requirements of any governmental unit, including an IRS Form W-9 containing its, his or her employer or taxpayer identification number as assigned by the Internal Revenue Service, or (ii) in the case of Beneficiaries that are not United States persons for federal income tax purposes, certification of foreign status on IRS Form W-8BEN, W-8IMY or W-8ECI. If a Beneficiary fails to provide the information necessary to comply with any

19

withholding requirements of any governmental unit within 180 days from the date of first notification to the Beneficiary of the need for such information or for the Cash necessary to comply with any applicable withholding requirements, then such Beneficiary's distribution may be treated as an unclaimed distribution in accordance with Section 4.5(g) above or the amount required to be withheld may be so withheld and turned over to the applicable authority.

## ARTICLE XI

### Miscellaneous

**Section 11.1  Notices**.    All notices, requests or other communications required or permitted to be made in accordance with this Agreement shall be in writing and shall be delivered personally or by facsimile transmission or electronic mail or mailed by first class mail or by overnight delivery service:

> If to the Liquidating Trustee:
> Peter Kravitz
> Solution Trust
> 29209 Canwood Street, Suite 210
> Agoura Hill, CA 91301
>
> and
>
> Counsel to the Liquidating Trustee [TBD]

Notices sent out by electronic or facsimile transmission shall be deemed delivered when actually received, and notices sent by first-class mail shall be deemed delivered three (3) Business Days after mailing and notices sent by overnight delivery service shall be deemed delivered the next Business Day after mailing.

**Section 11.2  Effectiveness**.    This Agreement shall become effective on the Effective Date.

**Section 11.3  Intention of Parties to Establish Liquidating Trust**.    This Agreement is intended to create a trust, and the Liquidating Trust created hereunder shall be governed and construed in all respects as a liquidating trust.

**Section 11.4  Investment Company Act**.    The Liquidating Trust is organized as a liquidating entity in the process of liquidation, and therefore should not be considered, and the Liquidating Trust does not and will not hold itself out as, an "investment company" or an entity "controlled" by an "investment company," as such terms are defined in the Investment Company Act.

**Section 11.5  Preservation of Privilege and Defenses**.    In connection with any rights, claims, or causes of action that constitute Liquidating Trust Assets, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Liquidating Trust shall vest in the

Liquidating Trustee. The Debtors and the Liquidating Trustee shall be authorized to take all necessary actions to effectuate the transfer of such privileges and available defenses.

Section 11.6   **Counterparts**.   This Agreement may be executed in one or more counterparts (via facsimile, e-mail or otherwise), each of which shall be deemed an original but which together shall constitute but one and the same instrument.

Section 11.7   **Governing Law**. This Agreement shall be governed by, construed under and interpreted in accordance with the laws of the State of Delaware.

Section 11.8   **Headings**.   Sections, subheadings and other headings used in this Agreement are for convenience only and shall not affect the construction of this Agreement.

Section 11.9   **Interpretative Provisions**.

(a)   All references to the plural herein shall also mean the singular and to the singular shall also mean the plural unless the context otherwise requires.

(b)   All references to the Debtors and the Liquidating Trustee pursuant to the definitions set forth in the Recitals hereto, or to any other Person herein, shall include their respective successors and assigns.

(c)   The words "hereof," "herein," "hereunder," "this Agreement" and words of similar import when used in this Agreement shall refer to this Agreement as a whole and not any particular provision of this Agreement and as this Agreement now exists or may hereafter be amended, modified, supplemented, extended, renewed, restated or replaced.

(d)   The word "including" when used in this Agreement shall mean "including, without limitation."

Section 11.10 **Severability**.  Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall not invalidate the remaining provisions of this Agreement, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable any such provision in any other jurisdiction.

Section 11.11 **Amendments**.  This Agreement may be amended from time to time by written instrument executed by the Liquidating Trustee pursuant to Bankruptcy Court order, provided, however, that no such order shall be required if the Liquidating Trustee's counsel advises the Liquidating Trustee that any such amendment is required to ensure that the Liquidating Trust will not become subject to the Exchange Act.

Section 11.12 **Non-Transferability of Beneficial Interests; Interests Beneficial Only; No Voting Rights; Successors**.

(a)   All interests of the Beneficiaries of this Liquidating Trust shall be uncertificated and non-transferable, except by will, intestate succession, or operation of law.

(b)    The rights to a beneficial interest hereunder shall not entitle any Beneficiary to (i) any title in or to the Liquidating Trust Assets as such (which title is vested in the Liquidating Trustee) or to any right to call for a partition or division of Liquidating Trust Assets or to require an accounting, or (ii) any voting rights with respect to the administration of the Liquidating Trust and the actions of the Liquidating Trustee in connection therewith.

(c)    This Agreement shall bind and inure to the benefit of the parties hereto and their respective successors and permitted assigns hereunder.

**Section 11.13 No Suits by Creditors**.  No creditor of the Debtors' Estates shall have any right by virtue of any provision of this Agreement to institute any action or proceeding in law or in equity against any party other than the Liquidating Trustee with respect to the Liquidating Trust Assets.

**Section 11.14 Irrevocability**.  The Liquidating Trust is irrevocable, but is subject to amendment as provided for herein.

**Section 11.15 Liquidating Trust Continuance**.  The death, dissolution, resignation, incompetency or removal of the Liquidating Trustee shall not operate to terminate the Liquidating Trust created by this Agreement or to revoke any existing agency created under the terms of this Agreement or invalidate any action theretofore taken by the Liquidating Trustee.  In the event of the death, dissolution, resignation, incompetency or removal of the Liquidating Trustee, the Liquidating Trustee shall promptly (a) execute and deliver such documents, instruments and other writings as may be requested by the Bankruptcy Court or reasonably requested by a successor Liquidating Trustee to effect the termination of the Liquidating Trustee's capacity under this Agreement and the conveyance of the Liquidating Trust Assets then held by the Liquidating Trustee to the successor, (b) deliver to the Bankruptcy Court or the successor Liquidating Trustee all documents, instruments, records and other writings related to the Liquidating Trust as may be in the possession of the Liquidating Trustee and (c) otherwise assist and cooperate in effecting the assumption of his obligations and functions by such successor Liquidating Trustee.

**Section 11.16 Enforcement and Administration**.  The Bankruptcy Court shall retain jurisdiction to enforce and administer the provisions of this Agreement, as set forth in the Plan and herein.

**Section 11.17 Disclaimer Regarding Compensation and Expenses**.  Except as provided in the Wind-Down Budget and as otherwise set forth herein, the parties hereto hereby acknowledge and agree that in no event shall the Debtors or the Purchaser have any obligation to fund any fees and expenses of the Liquidating Trust, the Liquidating Trustee or Professionals under this Agreement.

*[signature pages follow]*

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers thereunto duly authorized as of the date first above written.

AMICUS WIND DOWN CORPORATION F/K/A
FRIENDLY ICE CREAM CORPORATION

By: _____
Name:
Title:

AMICUS RESTAURANTS FRANCHISE WIND DOWN,
LLC F/K/A FRIENDLY'S RESTAURANTS
FRANCHISE, LLC

By: _____
Name:
Title:

AMICUS REALTY I WIND DOWN, LLC F/K/A
FRIENDLY'S REALTY I, LLC

By: _____
Name:
Title:

AMICUS REALTY II WIND DOWN, LLC F/K/A
FRIENDLY'S REALTY II, LLC

By: _____
Name:
Title:

AMICUS REALTY III WIND DOWN, LLC F/K/A
FRIENDLY'S REALTY III, LLC

By: _____
Name:
Title:

FREEZE, LLC

By: _____
Name:
Title:

FREEZE GROUP HOLDING CORP.

By: _____
Name:
Title:

FREEZE HOLDINGS, LP

By: _____
Name:
Title:

FREEZE OPERATIONS HOLDING CORP.

By: _____
Name:
Title:

THE LIQUIDATING TRUSTEE

By: _____
Name: Peter Kravitz

**Exhibit 1**

**Fees of Liquidating Trustee**

- For months 1-6 after the Effective Date, $7,500 per month;

- For months 7-18 after the Effective Date, $5,000 per month; and

- For month 19 and thereafter, $2,500 per month.

- There will be no contingency fee participation on avoidance action recoveries or claim reductions.