IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMICUS WIND DOWN CORPORATION, et al.,<br><br>        Debtors. | Chapter 11<br><br>Case No. 11-13167 (KG)<br><br>Jointly Administered<br>*Related to Docket No. 948* |
| In re:<br><br>FREEZE, LLC, et al.,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 11-13303 (KG)<br><br>Jointly Administered<br>*Related to Docket No. 103* |

**NOTICE OF TECHNICAL MODIFICATIONS TO
DEBTORS' FIRST AMENDED PLAN OF LIQUIDATION
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Please take notice that the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby submit this notice of non-material, technical modifications (the "Modifications") to the Debtors' First Amended Plan of Liquidation Pursuant To Chapter 11 of the Bankruptcy Code (the "Plan"). Attached hereto are blacklined pages of the Plan reflecting the Modifications.

The Modifications are technical in nature and clarify ambiguities or address specific informal objections to the Plan. Since the Plan has not been confirmed, and since these

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Amicus Wind Down Corporation, f/k/a Friendly Ice Cream Corporation (3130); Amicus Restaurants Franchise Wind Down, LLC, f/k/a Friendly's Restaurants Franchise, LLC (3693); Amicus Realty I Wind Down, LLC, f/k/a Friendly's Realty I, LLC (2580); Amicus Realty II Wind Down, LLC, f/k/a Friendly's Realty II, LLC (2581); Amicus Realty III Wind Down, LLC, f/k/a Friendly's Realty III, LLC (2583); Freeze, LLC (9643); Freeze Group Holding Corp. (3232); Freeze Holdings, LP (3099); and Freeze Operations Holding Corp. (5239). The location of the Debtors' corporate headquarters is 1855 Boston Road, Wilbraham, Massachusetts 01095. The Debtors' services addresses are: 1855 Boston Road, Wilbraham, Massachusetts 01095 and 5200 Town Center Circle, Suite 600, Boca Raton, Florida 33486.

Modifications do not "adversely change the treatment of any creditor or the interest of any equity security holder," these Modifications are permissible under Federal Rule of Bankruptcy Procedure 3019(a) and creditors who accepted the Plan shall be deemed to have accepted the Plan as modified. *See* Fed. R. Bank. Pro. 3019(a).

The Modifications appear as follows:

- Page 3, #37 regarding the definition of "Debtor Release";

- Page 18, Article III.H and Article III.I regarding payment of fees pursuant to 28 U.S.C. §1930(a)(6);

- Page 18, Article III.K.1 regarding rejection of executory contracts;

- Page 25, Article VI.C regarding the Third Party Release; and

- Pages 26-7, Article VI.E regarding the Injunction.

Section 1127(a) of the Bankruptcy Code provides in pertinent part that "[t]he proponent of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan." 11 U.S.C. § 1127(a).

Furthermore, Rule 3019 of the Federal Rules of Bankruptcy Procedure provides in pertinent part: "In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan." Fed. R. Bankr. 3019.

The Modifications do not alter in any respect the treatment accorded to claims or equity interests of any party that has not consented to or requested such Modifications. As such, the Plan Proponents submit that no additional solicitation is required as a result of the requested modifications. *See In re Cellular Info. Sys., Inc.*, 171 B.R. 926, 929 n.6 (Bankr. S.D.N.Y. 1994) (nonmaterial modifications to plan do not require resolicitation).

Dated: May 30, 2012

**PACHULSKI STANG ZIEHL & JONES LLP**

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Kathleen P. Makowski (DE Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              tcairns@pszjlaw.com
              kmakowski@pszjlaw.com

- and -

James A. Stempel (admitted *pro hac vice*)
Ross M. Kwasteniet (admitted *pro hac vice*)
Jeffrey D. Pawlitz (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.stempel@kirkland.com
              ross.kwasteniet@kirkland.com
              jeffrey.pawlitz@kirkland.com

*Co-Counsel to the Debtors
and Debtors in Possession*

23. "*Chapter 11 Cases*" means, with respect to the Amicus Debtors, the jointly administered chapter 11 cases before the Bankruptcy Court styled, *In re Amicus Wind Down Corporation*, No. 11-13167 (KG) and, with respect to the Freeze Debtors, the jointly administered chapter 11 cases styled, *In re Freeze, LLC*, No. 11-13303 (KG).

24. "*Claim*" has the meaning set forth in section 101(5) of the Bankruptcy Code.

25. "*Claims Bar Date*" means, as applicable, (a) the General Claims Bar Date, (b) the Government Claims Bar Date, (c) the Administrative Claims Bar Date; or (d) such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court for filing such Claims.

26. "*Claims Objection Bar Date*" means 180 days after the Effective Date or such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court or the relevant parties for objecting to such Claims or as extended by appropriate further order of the Bankruptcy Court.

27. "*Claims Register*" means the official register of Claims maintained by the Notice and Claims Agent.

28. "*Class*" means a category of Holders of Claims or Equity Interests as set forth in Article II.B hereof pursuant to section 1122(a) of the Bankruptcy Code.

29. "*Committee*" means the official committee of unsecured creditors appointed by the United States Trustee in the Chapter 11 Cases on October 12, 2011, pursuant to section 1102 of the Bankruptcy Code.

30. "*Committee Members*" means the members of the Committee, namely: (a) FM Facility Maintenance; (b) the 8.375% Senior Subordinated Notes Indenture Trustee; (c) Pension Benefit Guarantee Corporation; (d) GGP Limited Partnership; (e) KSL Media, Inc.; (f) The Coca-Cola Company; and (g) Realty Income Corporation.

31. "*Confirmation*" means the entry of the Confirmation Order on the docket of the Chapter 11 Cases.

32. "*Confirmation Date*" means the date upon which the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Cases, within the meaning of Bankruptcy Rules 5003 and 9021.

33. "*Confirmation Hearing*" means the hearing held by the Bankruptcy Court to consider Confirmation of this Plan pursuant to section 1129 of the Bankruptcy Code.

34. "*Confirmation Order*" means the order of the Bankruptcy Court confirming this Plan pursuant to section 1129 of the Bankruptcy Code.

35. "*Consummation*" means the occurrence of the Effective Date.

36. "*Debtor Release*" means the release provisions in Article VI.B hereof.

37. "*Debtor Releasee*" means, collectively, (a) all current and former officers, directors, employees, and shareholders of the Debtors, as well as their subsidiaries and affiliates, including Sun Capital; (b) the Committee; (c) all Committee Members; (d) the Purchaser; (e) the DIP Agent, the DIP Lenders and all participants in the DIP Claims and the DIP Credit Agreement, and (f) all attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, and affiliates of the Debtors (including, without limitation, Sun Capital), the Committee, all Committee Members, the Purchaser and their respective subsidiaries, and each of their respective predecessors and successors in interest, and all of their respective current and former members (including *ex officio* members), officers, directors, employees, partners, attorneys, financial advisors, accountants, ~~managed funds,~~ investment bankers, investment advisors, actuaries, professionals and affiliates, each in their respective capacities as such.

38. "*Debtors*" means, collectively, the Amicus Debtors and the Freeze Debtors.

3

all applicable respects with the terms of this Plan, and the confirmation requirements of section 1129 of the Bankruptcy Code must be satisfied separately with respect to each subplan; <u>provided</u> that a Holder's (a) vote to accept or reject this Plan; (b) presumed acceptance of this Plan pursuant to section 1126(f) of the Bankruptcy Code; or (c) deemed rejection of this Plan pursuant to section 1126(g) may be deemed a vote to accept or reject an applicable subplan (as the case may be) to the extent that such subplan does not provide such Holder with less favorable treatment than such Holder would have received if the Bankruptcy Court had ordered limited substantive consolidation as set forth herein. The Debtors' inability to confirm any subplan or the Debtors' election to withdraw any subplan shall not impair the confirmation of any other subplan or the consummation of any such subplan.

<u>However, nothing herein shall affect, diminish, or otherwise abrogate the Debtor's duty and obligation to pay fees pursuant to 28 U.S.C. §1930(a)(6) in each case and file post-confirmation reports in each case in accordance with the U.S. Trustee Guidelines.</u>

I.    *Dismissal of Freeze Debtors Chapter 11 Cases*

Notwithstanding anything to the contrary herein, this Plan shall serve as a motion by the Debtors seeking, in the alternative to Confirmation and Consummation of this Plan with respect to the Freeze Debtors, entry of an order dismissing one or more of the Chapter 11 Cases of the Freeze Debtors.

To the extent that Confirmation or Consummation does not occur with respect to the Chapter 11 Cases of any of the Freeze Debtors, on the Effective Date, the Chapter 11 Cases of such Freeze Debtors shall be dismissed without prejudice. Such dismissal shall have no effect on the force and effect of this Plan in the Chapter 11 Cases of any of the other Debtors.

<u>The Debtors shall pay all outstanding U.S. Trustee quarterly fees prior to the entry of any order dismissing any of the Freeze Debtors' cases.</u>

J.    *Administrative Claims Bar Date*

Except as otherwise provided in Article II.A hereof, unless previously filed, requests for payment of Administrative Claims must be filed and served pursuant to the procedures specified in the Confirmation Order and prior to the Administrative Claims Bar Date. Holders of Administrative Claims that do not file and serve such a request by the Administrative Claims Bar Date shall be forever barred, estopped and enjoined from asserting such Remaining Administrative Claims against the Debtors, their Estates, the Purchaser, the Liquidating Trust and the Liquidating Trust Assets, and such Administrative Claims shall be deemed discharged as of the Effective Date. Objections to such requests must be Filed by the Debtors and served on the requesting party by the later of (x) 180 days after the Effective Date and (y) 180 days after the filing of the applicable request for payment of such Administrative Claims.

K.    *Treatment of Executory Contracts and Unexpired Leases*

    1.    <u>Rejection of Executory Contracts and Unexpired Leases</u>

Subject to the provisions herein, each of the Debtors' Executory Contracts or Unexpired Leases shall be deemed automatically rejected in accordance with the provisions of sections 365 and 1123 of the Bankruptcy Code as of the ~~Effective~~<u>Confirmation</u> Date, unless any such Executory Contract or Unexpired Lease:

    (a)    has previously been assumed by the Debtors by Final Order of the Bankruptcy Court;<u> or</u>

    ~~(b)    is a Designated Contract; or~~

    <u>(b)</u>    ~~(c)~~ is the subject of a motion <u>or notice</u> to assume or reject pending as of the ~~Effective~~<u>Confirmation</u> Date.

18

K&E 20938295

**LIQUIDATING TRUST MAY HAVE NOW OR IN THE FUTURE AGAINST THE PURCHASER SOLELY WITH RESPECT TO THE PURCHASER'S OBLIGATIONS UNDER THE ASSET PURCHASE AGREEMENT, THE SALE ORDER, THIS PLAN OR ANY RELATED DOCUMENTS OR ORDERS OF THE BANKRUPTCY COURT.**

C.      *Third Party Release*

**NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, ON THE EFFECTIVE DATE AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE RELEASING PARTIES (REGARDLESS OF WHETHER A RELEASING PARTY IS A THIRD PARTY RELEASEE) SHALL BE DEEMED TO HAVE PROVIDED A FULL DISCHARGE AND RELEASE (AND EACH ENTITY SO RELEASED SHALL BE DEEMED RELEASED BY THE RELEASING PARTIES) TO THE THIRD PARTY RELEASEES AND THE DEBTOR RELEASEES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, CONTINGENT OR NON-CONTINGENT, EXISTING AS OF THE EFFECTIVE DATE IN LAW, AT EQUITY, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO THE CHAPTER 11 CASES OR THIS PLAN; PROVIDED, HOWEVER, THAT THE FOREGOING "THIRD PARTY RELEASE" SHALL NOT OPERATE TO WAIVE OR RELEASE ANY CAUSES OF ACTION OF ANY RELEASING PARTY: (1) AGAINST A DEBTOR RELEASEE OR A THIRD PARTY RELEASEE ARISING FROM ANY CONTRACTUAL OBLIGATIONS OWED TO THE RELEASING PARTY; OR (2) EXPRESSLY SET FORTH IN AND PRESERVED BY THIS PLAN OR RELATED DOCUMENTS. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE PLAN DOES NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION THAT THE RELEASING PARTIES, THE DEBTORS OR THE LIQUIDATING TRUST MAY HAVE NOW OR IN THE FUTURE AGAINST THE PURCHASER SOLELY WITH RESPECT TO THE PURCHASER'S OBLIGATIONS UNDER THE ASSET PURCHASE AGREEMENT, THE SALE ORDER, THE PLAN OR ANY RELATED DOCUMENTS OR ORDERS OF THE BANKRUPTCY COURT.**

<u>**IN ADDITION, NOTWITHSTANDING ANYTHING ELSE CONTAINED HEREIN TO THE CONTRARY, PBGC SHALL BE DEEMED NOT TO PROVIDE ANY DISCHARGE OR RELEASE PURSUANT TO THIS ARTICLE VI.C; PROVIDED, HOWEVER, THAT NOTHING HEREIN SHALL IMPAIR OR LIMIT ANY PRIOR RELEASE GIVEN BY PBGC NOR LIMIT ANY RIGHTS, DEFENSES, SETOFFS, CLAIMS OR COUNTERCLAIMS OF ANY THIRD PARTY TO ANY PBGC CLAIMS.**</u>

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED HEREIN, <u>AND</u>, <u>FURTHER</u>, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE DEBTOR RELEASEES AND THE THIRD PARTY RELEASEES; (2) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD PARTY RELEASE; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS; (4) FAIR, EQUITABLE AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (6) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM RELEASED PURSUANT TO THE THIRD PARTY RELEASE.**

D.      *Exculpation*

The Exculpated Parties shall neither have, nor incur any liability to any Entity for any prepetition or postpetition act taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the Consummation of this Plan, the Disclosure Statement, the Liquidating Trust Agreement, or any contract, instrument, release or other agreement or document created or entered into in connection with this Plan or any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; <u>provided, however,</u> that the foregoing

25

"Exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct; provided, further, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her or its duties pursuant to, or in connection with, this Plan.; provided, further that, the Purchaser shall not be exculpated from the Purchaser's obligations under the Asset Purchase Agreement, the Sale Order, this Plan or any related documents or orders of the Bankruptcy Court.

*E.     Injunction*

EXCEPT AS OTHERWISE PROVIDED IN THIS PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT HAVE BEEN RELEASED PURSUANT TO ARTICLE VI.B OR ARTICLE VI.C HEREOF OR ARE SUBJECT TO EXCULPATION PURSUANT TO ARTICLE VI.D HEREOF (BUT ONLY TO THE EXTENT OF THE EXCULPATION PROVIDED IN ARTICLE VI.D) ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM:  (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY ENTITY SO RELEASED, DISCHARGED OR EXCULPATED (INCLUDING THE LIQUIDATING TRUST) (OR THE PROPERTY OR ESTATE OF ANY ENTITY SO RELEASED, DISCHARGED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, DISCHARGED OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES; (2) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY ENTITY SO RELEASED, DISCHARGED OR EXCULPATED (INCLUDING THE LIQUIDATING TRUST) (OR THE PROPERTY OR ESTATE OF ANY ENTITY SO RELEASED, DISCHARGED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, DISCHARGED OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES; (3) CREATING, PERFECTING OR ENFORCING ANY LIEN, CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY ENTITY SO RELEASED, DISCHARGED OR EXCULPATED (INCLUDING THE LIQUIDATING TRUST) (OR THE PROPERTY OR ESTATE OF ANY ENTITY SO RELEASED, DISCHARGED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, DISCHARGED OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY ENTITY SO RELEASED, DISCHARGED OR EXCULPATED (INCLUDING THE LIQUIDATING TRUST) (OR THE PROPERTY OR ESTATE OF ANY ENTITY SO RELEASED, DISCHARGED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, DISCHARGED OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY ENTITY SO RELEASED, DISCHARGED OR EXCULPATED (INCLUDING THE LIQUIDATING TRUST) (OR THE PROPERTY OR ESTATE OF ANY ENTITY SO RELEASED, DISCHARGED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, DISCHARGED OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION, OR LIABILITIES RELEASED OR SETTLED PURSUANT TO THIS PLAN.

<u>NOTWITHSTANDING ANYTHING ELSE CONTAINED HEREIN, THE PROVISIONS OF THIS ARTICLE VI.E SHALL NOT APPLY TO PBGC WITH RESPECT TO ANY ENTITY AND ITS PROPERTY THAT PBGC WOULD HAVE BEEN DEEMED TO DISCHARGE OR RELEASE UNDER ARTICLE VI.C IF ARTICLE VI.C HAD BEEN APPLICABLE TO PBGC; PROVIDED, HOWEVER, THAT NOTHING HEREIN SHALL IMPAIR OR LIMIT ANY PRIOR RELEASE GIVEN BY PBGC NOR LIMIT</u>

K&E 20938295

**ANY RIGHTS, DEFENSES, SETOFFS, CLAIMS OR COUNTERCLAIMS OF ANY THIRD PARTY TO ANY PBGC CLAIM.**

F. *Special Provision Regarding Friendly Ice Cream Corporation Cash Balance Pension Plan*

Notwithstanding any provision of this Plan, the Disclosure Statement, or the Confirmation Order to the contrary, neither this Plan, the Disclosure Statement, nor the Confirmation Order will release, discharge or exculpate any party other than the Freeze Debtors and the Amicus Debtors from any debt owed to the Friendly Ice Cream Corporation Cash Balance Pension Plan or the PBGC under the Employee Retirement Income Security Act of 1974 or the Internal Revenue Code or enjoin or prevent the Friendly Ice Cream Corporation Cash Balance Pension Plan and the PBGC from collecting any such liability from a liable party; provided, however, that any releases contained in that certain Release of Claims Agreement dated January 9, 2012, executed by the PBGC in favor of the "Releasees" (as defined therein) shall continue in full force and effect.

G. *Special Provision Governing Accrued Professional Compensation Claims and Final Fee Applications*

For the avoidance of doubt, the foregoing Debtor Release and Third Party Release shall not waive, affect, limit, restrict, or otherwise modify the right of any party in interest to object to any Accrued Professional Compensation Claim or final fee application Filed by any Professional in these Chapter 11 Cases.

## ARTICLE VII.
## CONDITIONS PRECEDENT TO CONFIRMATION
## AND CONSUMMATION OF THE PLAN

A. *Conditions Precedent to the Effective Date*

It shall be a condition to Consummation of this Plan that the following conditions shall have been satisfied or waived pursuant to the provisions of Article VII.B hereof:

1. The Bankruptcy Court shall have entered the Confirmation Order in form and substance reasonably acceptable to the Debtors and the Committee (provided that if the Committee objects to the form or substance of the Confirmation Order, this condition may be satisfied by an order of the Bankruptcy Court overruling any such objection), and such Confirmation Order shall have become a Final Order that has not been stayed or modified or vacated on appeal;

2. All documents and agreements necessary to implement this Plan shall have (a) been tendered for delivery and (b) been effected or executed by all Entities party thereto, and all conditions precedent to the effectiveness of such documents and agreements shall have been satisfied or waived pursuant to the terms of such documents or agreements;

3. The Liquidating Trustee shall have been appointed, and the Debtors and the Liquidating Trustee shall have executed and delivered the Liquidating Trust Agreement, in form and substance acceptable to the Debtors and the Committee; and

4. The Debtors or the Purchaser shall have funded the Professional Fee Escrow Account, as determined in the discretion of the Debtors in an amount reasonably acceptable to the Committee or approved by the Bankruptcy Court.

5. The amount of Cash in the Senior Claims Reserve shall have been determined and shall be in an amount (a) acceptable to the Debtors and the Committee, or (b) approved by the Bankruptcy Court.

B. *Waiver of Conditions*

The conditions to Confirmation of this Plan and to the Effective Date of this Plan set forth in this Article VII may be waived by consent of the Debtors, in consultation with the Committee.

27